[Civ. No. 20603.   First Dist., Div. Two.   Jan. 16, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ONE 1960 MERCEDES BENZ ROADSTER, ENGINE NO. 121042-10-017244, LICENSE NO. UJT 075, Defendant; ARTHUR B. CARFAGNI, JR., Defendant and Appellant.

Reynold H. Colvin and James A. Blumberg for Defendant and Appellant.

Stanley Mosk, Attorney General, and John S. McInerny, Deputy Attorney General, for Plaintiff and Respondent.

AGEE, J.—On June 9, 1961, the defendant motor vehicle was used unlawfully to transport narcotics. Such use was without the knowledge of its owner, Carfagni. One Santiago, who was on parole for a narcotics offense and was living in Carfagni's home, was using the vehicle with the express permission of the latter. Santiago and an accomplice held up a pharmacy and Santiago drove away in the vehicle with cash and narcotics obtained in the holdup. Forfeiture proceedings resulted in a judgment being entered on November 13, 1961, forfeiting said vehicle to the State of California. Carfagni appeals from the judgment.

The sole contention on appeal is that the forfeiture statute (Health & Saf. Code, §§ 11610-11629), in particular sections 11621 and 11622, is unconstitutional as being in violation of the equal protection provisions of the Fourteenth Amendment to the United States Constitution and article I, sections 13 and 21, of the Constitution of the State of California.

The gravamen of the argument is that the statute unreasonably discriminates between the registered owner of a vehicle and one who merely holds a security interest, in that the latter is not held to account for the strict penalties exacted therein of an owner.

Section 11610 provides that the interest of any registered owner of a vehicle used to unlawfully transport any narcotic shall be forfeited to the state. Sections 11621 and 11622 exempt lienholders from forfeiture of their right, title and interest in seized vehicles, and provide for restoration of such vehicles to them under certain conditions.

The Legislature has thus classified owners of automobiles for purposes of forfeiture into two different categories, (1) registered owners and (2) legal owners holding a bona fide lien.

Appellant states: "There is no doubt that control of the evil of narcotics traffic is a proper subject for the Legislature. It is one on which it can validly exercise its police powers to preserve the health, safety and good order of society." But, continues appellant, "there remains the principal issue here of the propriety and reasonableness of the classification, . . ." And, adds appellant, "any classification must be reasonable." We agree with these principles, but we disagree with appel-

lant's premise that the distinction made between registered owners and lienholders bears no reasonable relationship to the purpose of the statutes, which both parties agree is the curtailment of narcotics traffic generally. (*People* v. *One 1941 Ford 8 Stake Truck* (1945) 26 Cal.2d 503, 507-508 [159 P.2d 641].)

It seems obvious to us that a reasonable construction of the statutes is that their purpose is to hamper narcotics traffic by striking at the source of its mobility. The intent of the Legislature apparently was to place the burden of responsibility on the person who *controls* the vehicle, so that he becomes the prime responsible entity in the event that his vehicle is used for the transportation of narcotics, his own lack of knowledge of same notwithstanding. If the idea of control is truly the key to the Legislature's campaign against the transportation of narcotics, then it is logically sound to say that *title* to the car is not determinative.

Pursuing this hypothesis, appellant's argument that the Legislature is discriminating because it is separating vehicles into two classifications, 1) cars owned outright, 2) cars which are encumbered, is unsound. The Legislature intended to impede narcotics traffic by penalizing those persons who have control over a vehicle rather than those who may have a security interest in the vehicle but nevertheless in actuality have no physical control or possession over same from the moment the security transaction is entered into. For this reason we are persuaded by respondent's argument: "The basic reason for the difference in classification between registered owners and sellers of automobiles is obviously the difference in the degree of control which each can exert over the use of the vehicle. Once the seller or lienholder has passed over to the purchaser control of a vehicle, he has lost effective control over the operation of that vehicle for months or even years. In the normal course of events, once the vehicle has been sold, the holder of any security interest in it will never even see the vehicle again, and the registered owner has the duty of maintaining the vehicle and the privilege of its everyday use. For all practical purposes, the registered owner is the *real* owner of the vehicle.

"On the other hand, when the registered owner of a vehicle relinquishes control of that vehicle, it is almost always to someone known to him—and generally quite well known to him. The loss of immediate control is generally for a relatively short period of time and to a restricted area. And, most

important, the choice is completely his as to whether or not he will lend his car."

 As stated in *People* v. *One 1955 Buick 2-Door Coupe*, 187 Cal.App.2d 684, 692 [10 Cal.Rptr. 79] : "The Legislature could well say in effect that whether you can have the advantages of certain defenses depends upon the nature of your interest in the vehicle. . . .  If there is any state of facts which can reasonably be conceived which would support a classification made by the Legislature, the existence of that fact is presumed." (Citing *Los Angeles Metropolitan Transit Authority* v. *Brotherhood of Railroad Trainmen*, 54 Cal.2d 684, 694 [8 Cal.Rptr. 1, 355 P.2d 905].)

 We conclude that the distinction made between registered owners and lienholders is not arbitrary or unreasonable and that it is reasonably and substantially related to the legitimate purposes of the legislation in question, which is the suppression of illegal narcotics traffic.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 13, 1963.