[Civ. No. 21782.    First Dist., Div. One.    July 22, 1964.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  ONE  1960 FORD  2DHTTHBD,  ENGINE  NO.  OY71Y163146, LICENSE NO. UDX 872, Defendant; ANNA L. COLE, Defendant and Appellant.

Nebeker & Stoops and Dudley H. Nebeker for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

SULLIVAN, J.—This is an appeal from a judgment forfeiting to the State of California the interests of certain persons in a 1960 Ford automobile upon the ground that said vehicle was used to transport marijuana. (Health & Saf. Code, §§ 11610-11629.)[1] The appeal is taken on a clerk's transcript.

"Notice of Seizure and Intended Forfeiture Proceedings" filed in the court below on January 4, 1963, was duly served on Crocker-Anglo National Bank as legal owner and Walter Tyler Cole as registered owner. The latter failed to answer the notice and his default was thereafter entered. Both the bank and Anna L. Cole, mother of the registered owner and

---

[1] Unless otherwise indicated, all code references hereafter are to the Health and Safety Code.

an intervening claimant of the vehicle, filed answers to the notice.

So far as is here pertinent the trial court found substantially as follows: On November 25, 1962, the defendant vehicle was used illegally and in violation of section 11610. At said time, Walter Tyler Cole was the registered owner of record of the car and Crocker-Anglo National Bank was the legal owner thereof. Prior thereto, in April 1962 the intervening claimant, Anna L. Cole, tendered $1,600 to her son, Walter Tyler Cole with the understanding that the money was to be used toward the purchase of the car and that she was to become the registered owner thereof. Walter Tyler Cole used the money toward the purchase of the car but had it registered in his own name rather than in his mother's name, telling the latter that he had registered it in her name. Anna L. Cole did not discover the true fact until after the seizure of the vehicle. She consented to the use of the car by her son at the time that its unlawful use occurred. She acquired her interest in the car without actual knowledge that it was to be used for the purposes referred to in section 11610. Crocker-Anglo Bank, the legal owner, acquired its lien interest in the car with actual knowledge that it was to be used for the purposes referred to in the foregoing section.

The court concluded from the above findings that all of the respective interests of Walter, his mother and the bank should be forfeited. Judgment was entered accordingly. Neither the bank nor Walter Cole has appealed and Anna L. Cole is the only appellant herein.

The sole contention made on appeal is that Mrs. Cole acquired an equitable interest in the car without knowledge that it was to be used for an illegal purpose and that such interest is not subject to forfeiture under the applicable law. We have concluded that this contention is without merit and that the judgment should be affirmed.

Although the findings of fact and conclusions of law make no mention of a trust, the parties agree that under the facts as found by the trial court, an involuntary or constructive trust was created by operation of section 2224 of the Civil Code[2] as a result of which appellant had an equitable or

---

[2]Civ. Code, § 2224, provides: ''One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.''

beneficial interest in the vehicle. Thereafter the positions of the parties diverge. Appellant claims that her "equitable interest" in the car is in the nature of an equitable lien. She urges that since the court found that she acquired her interest without knowledge that the car was to be used illegally, she falls within the saving provisions of section 11619.[3] Respondent, on the other hand, argues that under the doctrine of constructive trust, appellant is considered to be restored to the interest of which she was deprived, namely that of registered owner, and that her only interest in the car was that of a "beneficial registered owner." We agree with respondent.

The nature of the interest of one entitled to property under a constructive trust has been set forth in *Bainbridge* v. *Stoner* (1940) 16 Cal.2d 423, 428-429 [106 P.2d 423] wherein the court states: "The theory of a constructive trust was adopted by equity as a remedy to compel one to restore property to which he is not justly entitled, to another. The person holding the property may have acquired it through fraud, undue influence, breach of trust, or in any other improper manner and he is usually personally liable in damages for his acts. But the one whose property has been taken from him is not relegated to a personal claim against the wrongdoer which might have to be shared with other creditors; he is given the right to a restoration of the property itself. *The title holder is, therefore, said to be a constructive trustee holding title to the property for the benefit of the rightful owner,* but he is not charged with responsibility based upon either the actual or presumed intention of the parties. (Sec. 2224, Civ. Code; *Burns* v. *Ross,* 190 Cal. 269 [212 P. 17]; Restatement, Restitution, sec. 160.)" (Italics added. In accord: *Mills* v. *Mills* (1956) 147 Cal.App.2d 107, 122-123 [305 P.2d 61]; *Monica* v. *Pelicas* (1955) 131 Cal.App.2d 700, 704 [281 P.2d 269].) While an express trust and a constructive trust involve different concepts, it is clear that in each case "one person holds the title to property subject to an equitable duty to hold the property for or to convey it to another, and the latter has in each case some kind of an equitable interest

---

[3] Section 11619 provides: "At the hearing, any owner who has a verified answer on file may show by competent evidence that the vehicle was not used to transport narcotics, or that narcotics were not unlawfully possessed by an occupant of the vehicle, and *any legal owner holding a bona fide lien,* mortgage or conditional sales contract *may show that he acquired his interest without actual knowledge that the vehicle was to be used for the purposes referred to in Section 11610."* (Italics added.)

in the property." (Rest., Restitution, § 160, com. a.) As the beneficiary, the latter holds something more than a chose in action or merely personal claim as that of a creditor against his debtor. He is the equitable owner of the trust property. (1 Scott on Trusts (2d ed.) § 12.1, p. 103.) Where a constructive trust is therefore imposed on a person to prevent his unjust enrichment, the purpose and result is to restore to the one person the property of which he has been unjustly deprived and to take from the other the property which would otherwise unjustly enrich him. (Rest., Restitution, § 160, com. c.)

In the instant case, according to the theory of constructive trust which appellant has carved out of the findings, the wrongful action of Walter Cole deprived appellant of the interest in the car which under their agreement she was to acquire for her $1,600. This interest was that of *registered owner* of the vehicle. If appellant would, as she does, assert her equitable title to the car upon an *in rem* theory of trust rather than press an *in personam* claim of liability against her son, then she must accept the inexorable logic of her position. She retrieves that of which she was deprived and is in fact the registered owner of the car, who, it has been said, " [f] or all practical purposes . . . is the *real* owner of the vehicle." (*People* v. *One 1960 Mercedes Benz Roadster* (1963) 211 Cal.App.2d 842, 844 [27 Cal.Rptr. 617].)[4]

As such owner, or to use respondent's terminology "beneficial registered owner," the only defenses allowed to appellant by the statute were that the vehicle was not in fact used to transport narcotics or that narcotics were not unlawfully possessed by an occupant of the vehicle. (§ 11619; *People* v. *One 1937 Buick Coupe* (1949) 89 Cal.App.2d 556, 560 [201 P.2d 402] ; *People* v. *One 1951 Ford Sedan* (1954) 122 Cal.App.2d 680, 685 [265 P.2d 176] ; *People* v. *One 1957 Ford 2-Door* (1960) 180 Cal.App.2d 545, 551-552 [4 Cal.Rptr. 793] ; *People* v. *One 1961 Ford Falcon* (1963) 215 Cal.App.2d 149, 153 [30 Cal.Rptr. 110].) As was said in *People* v. *One 1951 Ford Sedan, supra*: "In addition, the courts, in order to

---

[4]The result is the same even if Walter Cole, as the registered owner of a financed vehicle, as is the case here, is considered as holding an "equity" in the vehicle, the holder of the legal title being the Crocker-Anglo National Bank. Equitable interests as well as legal interests can be held in trust. (1 Scott, *op.cit.*, § 83, p. 643; see for example *Title Insurance & Trust Co.* v. *Duffill* (1923) 191 Cal. 629, 640 [218 P. 14].)

preserve the constitutionality of these statutes under due process, have read into them an additional defense, namely, that the owner is protected if the vehicle is taken from him without his knowledge or consent. [Citations.]'' (In accord: *People* v. *One 1957 Ford 2-Door, supra,* 180 Cal.App.2d 545, 551-552; *People* v. *One 1961 Ford Falcon, supra,* 215 Cal. App.2d 149, 153.) ▮ Here the court found, adversely to appellant, that the vehicle was used illegally and in violation of section 11610 and that appellant consented to the use of the vehicle by her son at the time the illegal use occurred. Appellant was then in the position of an owner entrusting her vehicle to another who uses it illegally. Although she did not know that the car was to be so used nor did she acquiesce in such use, appellant's right, title and interest in the car was lawfully subject to forfeiture. (*People* v. *One 1941 Ford 8 Stake Truck* (1945) 26 Cal.2d 503, 507 [159 P.2d 641]; *People* v. *One 1941 Chrysler Tudor* (1945) 71 Cal.App.2d 312, 316 [162 P.2d 653]; *People* v. *One 1937 Buick Coupe, supra,* 89 Cal.App.2d 556, 560; *People* v. *One 1951 Ford Sedan, supra,* 122 Cal.App.2d 680, 685.)

Appellant tries to avoid falling within such classification of consenting owner by arguing that she was not the registered owner of the car since the trial court found that her son was the registered owner. But the understanding between mother and son was that she was to become the registered owner. It therefore works no hardship on appellant to treat her as in effect the registered owner as a result of applying principles of constructive trust which she herself invokes. On the contrary, it would indeed be incongruous to place appellant in a more favorable and protected position than she would otherwise have occupied had her son actually registered the car in her name. Appellant is not, nor did the court find her to be, a legal owner and thus she does not fall within the protection made available to legal owners by section 11619 (see fn. 3, *ante*). ▮ Under the applicable law covering forfeiture, owners of automobiles have been classified in two separate categories: (a) registered owners and (b) lienholders (§§ 11610, 11619, 11621, 11622; *People* v. *One 1960 Mercedes Benz Roadster, supra,* 211 Cal.App.2d 842, 843). It has been said that the basic reason for the difference in classification is the difference in degree of control over the use of the vehicle. Generally speaking the holder of the security interest (the bank here) loses effective control of the vehicle while the registered owner, "the *real* owner," either

retains control or relinquishes it to a known person, for a short time, and under restricting conditions. (See *People* v. *One 1960 Mercedes Benz Roadster, supra.*) Appellant answers the description of the persons in the first category above-mentioned rather than the second. She was not a person who gave up all effective control of the car. It was the bank which was the lienholder. ▉ On the other hand the findings dealing with the arrangement between appellant and her son and stating that he was using the car with her consent, warrant the conclusion that she was in fact exercising dominion and control over the car and was its "real" owner. Her ownership interest was precisely that intended to be subject to forfeiture. (*People* v. *One 1960 Mercedes Benz Roadster, supra*, 211 Cal.App.2d 842, 844; cf. *People* v. *One 1941 Buick Sport Coupe* (1946) 28 Cal.2d 692, 695 [171 P.2d 719]; *People* v. *One 1955 Buick 2-Door Coupe* (1960) 187 Cal.App.2d 684, 692 [10 Cal.Rptr. 79], overruled on other grounds in *People* v. *One 1953 Buick* (1962) 57 Cal.2d 358, 366 [19 Cal.Rptr. 488, 369 P.2d 16].)

Furthermore the instant record does not support appellant's claim that she has an equitable lien on the car or an interest in the nature of an equitable lien in said vehicle. ▉ An equitable lien is not judicially recognized until a judgment is rendered declaring its existence. (*Hise* v. *Superior Court* (1943) 21 Cal.2d 614, 627 [134 P.2d 748]; *New* v. *New* (1957) 148 Cal.App.2d 372, 381 [306 P.2d 987]; *Holder* v. *Williams* (1959) 167 Cal.App.2d 313, 317 [334 P.2d 291], cited by appellant.) No such lien was ever judicially recognized either in this action or in any other. The findings of fact herein make no mention of such a lien. It is noteworthy that in her answer to the notice of seizure, appellant alleged that she believed she had an ownership interest in the car and prayed that she be adjudged to have an ownership interest and a "bona fide lien." It is manifest that the quoted language is that found in section 11619 (see footnote 3, *ante*) and that the prayer refers to such section rather than to an equitable lien. Assuming *arguendo* that appellant did invoke an equitable lien, her claim now must be that on the facts found she is entitled to such a lien as a matter of law. This argument must fail. ▉ As previously mentioned, the facts as found by the trial court clearly show that appellant was in the position of the real owner of the car who had control over its use rather than in the position of a lienholder who had given up all effective control of it.

We think that on such facts it was within the province of the trial court to conclude that she was such an owner and therefore was not entitled to an equitable lien, even if it could have been, and actually was invoked in the instant case. It is clear that appellant and her son did not intend to create an equitable lien. (Cf. *Holder* v. *Williams, supra.*) This is not a case where the appellant loaned money to her son for the purchase of *his own* car, and where the latter indicated to appellant an intention to make *his* car security for such obligation. The intention of the parties was that the car would be *appellant's.* Nor is it a case where the car was purchased by appellant's son, who in so doing misappropriated appellant's money. Here appellant voluntarily gave the money to her son. It is to be noted that appellant did not assert a claim for money against her son and seek an equitable lien for the amount involved. It nowhere appears that she made an *in personam* claim against him at any time. We conclude therefor that appellant's argument lacks merit. In so doing we express no views as to whether appellant, had she been successful in establishing the equitable lien claimed, would be a *"legal* owner holding a bona fide lien" within the purview of section 11619.

Appellant having asserted a beneficial interest in the car, attempts to transmute her interest as that of the real owner into that of a lienholder for the manifest purpose of averting forfeiture. The record does not support such an attempt. Appellant's interest in the car was in effect that of a registered owner or none at all. She must accept the consequences of her position.

The judgment is affirmed.

Bray, P. J., and Molinari, J., concurred.