## JOHN A. WHITE *v.* JAMES ROBERTSON MANUFACTURING COMPANY ET AL.
[No. 2, October Term, 1936.]

*Decided November 11th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Ernest Volkart*, with whom was *Michael W. Fahey* on the brief, for the appellant.

*Lawrence W. Hecht*, with whom was *Frederick Lee Cobourn* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The appellant, on March 28th, 1935, purchased from the Hotel Bayou Company all of its real and personal property at Havre de Grace, Maryland, for the sum of $65,000. The written agreement of purchase provided that $5,000 of the stipulated price should be deposited with the Maryland Title Guarantee Company, pending conveyance of the property, and the balance within forty-five days. The purchase price having been paid in full, the property was conveyed to the purchaser by deed dated April 29th, and duly recorded on May 8th, 1935. After the payment of the whole consideration, but before the execution of the deed conveying the title, five creditors of the vendor obtained judgments on their claims. In order to restrain the creditors from efforts to enforce their judgments by execution against the property acquired under the contract and deed, the purchaser and grantee brought this suit in equity. The appeal is from an order by which a demurrer to the amended bill of complaint was sustained and the bill dismissed.

It is not disputed by the appellees that ordinarily a judgment recovered against a vendor of property after the execution of a valid contract for its sale will not affect the vendee's right to complete the transaction and receive an effective conveyance of the title. That princi-

ple was reaffirmed and earlier cases applying it were cited, in *Caltrider v. Caples*, 160 Md. 392, 153 A. 445, and *Colonial Building & Loan Assn. v. Boden*, 169 Md. 493, 182 A. 665. But it is argued for the appellees that the present case is not within the rule applied by those decisions. The contention is that the bill of complaint does not show a right in the plaintiff to have his purchase consummated, inasmuch as certain terms of the contract of sale, exhibited with the bill, are not alleged to have been performed.

It was provided by the contract that the vendor should furnish the vendee "promptly with a list of all outstanding indebtedness, secured or unsecured, now due and owing by the Hotel Bayou Company," and "to convey all real estate and to assign and transfer all personal property and assets free and clear from the claims of all creditors, whether secured or unsecured." The vendor agreed to comply with the terms of the Sales in Bulk Act (Code, art. 83, secs. 19-21). There was a provision for the release of a second mortgage on the property. It was stipulated that the vendee should not be required to take title to the real estate "unless free from restrictions and easements," nor unless satisfied that the hotel heating plant was "in serviceable condition," and that the vendor should furnish the vendee "with all necessary resolutions which may be required or desired to make transfer of the property herein effective." The bill states that there was a full compliance with the stipulations in regard to the Sales in Bulk Act, but, because it does not allege distinctly that in other respects the terms of the contract were fulfilled, it is contended that the vendee is not shown to have had a right to its specific enforcement, and hence cannot rely upon it in opposition to the defendants' judgments.

The demurrer concedes that the consideration for the purchase was fully paid and that the deed to the plaintiff was executed "in consummation" of the contract of sale, and "in furtherance" of its "terms and covenants." In reference to the agreement that a list of its outstanding

indebtedness should be furnished by the hotel company to the plaintiff, and that the property should be transferred "free from the claims of all creditors, whether secured or unsecured," the bill avers that "the provisions of said clause were not intended by the parties to include or comprehend claims in the nature of those being asserted by the respondents, * * * but only such claims as might properly be asserted under the Sales in Bulk Act, * * * or any claims which would be a lien against the real estate, or for which in any other manner the purchaser under said agreement might be liable."

If it be supposed that a list of creditors was not in fact furnished, that the second mortgage was not released, that the heating plant was defective, and that there were easements, restrictions, or claims affecting the title from which it had not been freed when the plaintiff accepted his deed, we are unable to adopt the view that he could not waive such objections, and upon paying the whole purchase price compel a specific performance of the vendor's agreement to convey. The covenants relating to assurances of a clear title were evidently designed solely for the vendee's protection. They could not properly, in our opinion, be given the effect of enabling the vendor's creditors to dispute the vendee's rights under a conveyance in pursuance of a contract of purchase with which he had fully complied. It is therefore our conclusion that the demurrer to the bill of complaint should have been overruled.

*Order reversed, with costs, and cause remanded for further proceedings.*