## EASTERN SHORE BUILDING AND LOAN CORPORATION *v.* BANK OF SOMERSET

[No. 119, September Term, 1968.]

*Decided May 15, 1969.*

526

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*James P. Bailey*, with whom were *Hearne, Fox & Bailey* on the brief, for appellant.

*Alexander G. Jones* with whom were *Jones & Jones* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal involves the question of whether or not a judgment creditor of one joint tenant of fee simple land may, after the conveyance of the land by both joint tenants to a purchaser for a valuable consideration, enforce its judgment against the land.

The facts are not in dispute. On July 10, 1963, Mamie A. Dize, unmarried, conveyed the subject property, located in Somerset County, to Otho L. Sturgis and William Richard Sturgis, as joint tenants and not as tenants in common. This deed was duly recorded among the land records of Somerset County.

Prior to December 30, 1965, Otho, one of the joint tenants, made an application for a loan to the appellee, the Bank of Somerset, supported by a financial statement in which he listed as an asset the subject property, assigning $3500 as its value. Relying on the application, the appellee Bank made a loan to Otho secured by a confessed judgment note, dated December 30, 1965, in the amount of $1,823,76. The note was executed by Otho and was to be paid off in monthly installments. Otho defaulted ·in the payments provided for in the note and the appellee Bank obtained a judgment by confession against him which was duly recorded on the Civil Docket of the Circuit Court for Somerset County, on October 7, 1966.

On October 5, 1967, subsequent to the obtention of the judgment against Otho, he and William, without having executed any prior contract of sale, conveyed the subject property to William P. Hytche and Delores J. Hytche, his wife and to William M. Pender and Minnie Lee Pender, his wife, in fee simple, for a consideration of $3500. On the same day, the Hytches and Penders executed a purchase money mortgage on the subject property to the appellant, Eastern Shore Building and Loan Corporation. Both the deed and the purchase money mortgage of October 5, 1967, were duly recorded among the land records of Somerset County.

The appellee Bank, having discovered the conveyance by Otho and William to the Hytches and Penders, caused a writ of fieri facias to be levied on the subject property by the Sheriff of Somerset County on November 3, 1967 — approximately one month after the conveyance of October 5, 1967—directing the Sheriff to levy upon the undivided one-half interest of Otho conveyed or attempted to be conveyed to the grantees.

The appellant, purchase money mortgagee, was permitted by the Circuit Court to intervene in the execution proceeding as a party defendant. It thereafter filed a motion for summary judgment upon the ground that under the facts mentioned, the judgment against Otho was "not a lien on the jointly owned interest of Otho L. Sturgis in the aforesaid property." The appellee Bank subsequently filed an affidavit in opposition to the motion in which it maintained "that it is the holder of a valid judgment lien against the joint interest of Otho L. Sturgis."

The Circuit Court, after argument, filed a written opinion indicating that under the applicable Maryland law there was no reason why the judgment lien should not follow the interest of Otho into the hands of the purchaser and passed an order on May 20, 1968, denying the motion for summary judgment and entered a judgment against the defendants for costs. A timely appeal was entered from this order and judgment.

We have concluded that the trial court was in error in its ruling and will reverse the order and judgment of May 20, 1968.

Quite recently we considered in some detail the history, nature, incidents and Maryland law in regard to joint tenants in *Alexander v. Boyer,* 253 Md. 511, 253 A. 2d 359, and we need not repeat our observations in *Alexander* in the present case. The precise question presented in the instant case, however, was not specifically dealt with in the *Alexander* case.

Code (1957), Article 26, § 20 (1966 Repl. Vol.) provides that:

> "Every judgment and decree rendered by any of the courts of law or equity of this State shall be and constitute a lien to the amount and from the date thereof upon all leasehold interest and terms for years of the defendants in land, except leases from year to year and leases for terms of not more than five years and not renewable, to the same extent and effect as liens are created by judgment upon real estate, and a certified copy of the docket entries from the clerk of the court where any judgment or decree is obtained, or judgment of any justice of the peace originally recorded, when recorded upon the judgment record of any other court in the counties of this State or the City of Baltimore, shall be and constitute a lien, from the date of its being recorded, upon the property of the defendant in said county or City of Baltimore, to the same extent as in the county or city where the said judgment or decree was originally obtained or justice's judgment originally recorded."

In construing this provision of the Maryland Code, our pre-

. decessors have held that the lien of the judgment only attaches to the interest in land owned or held by the judgment debtor, himself, and is subject to the limitations, legal or equitable, to which that interest is subject at the time of the entry of the judgment. As Judge (later Chief Judge) Henderson, for the Court, aptly stated in *Stebbins-Anderson Co., Inc. v. Bolton,* 208 Md. 183, 188, 117 A. 2d 908, 910 (1955) :

> "A judgment creditor 'stands in the place of his debtor, and he can only take the property of his debtor subject to the equitable charges to which it is liable in the hands of the debtor at the time of the rendition of the judgment.' *Kinsey v. Drury, supra.* This has been the law at least since the decision in *Hampson v. Edelen,* 2 H. & J. 64 (1807). Except where modified by statute it is the rule in other states. See Note 87 A.L.R. 1505, and 3 *American Law of Property,* § 11.25. It is an application of the familiar doctrine of equitable conversion. Cf. *Skinner & Sons' Co. v. Houghton,* 92 Md. 68, 86. The rule does not depend upon actual notice to the creditor, although it is argued that that was the factual situation in the *Caltrider* case, *supra.* '* * * a judgment creditor is not in the position of a *bona fide* purchaser, and his claim is subject to prior, undisclosed equities. "He is neither in fact nor in law a *bona fide* purchaser, and must stand or fall by the real, and not the apparent rights of the defendant in the judgment." ' *Kolker v. Gorn,* 193 Md. 391, 398, and cases cited."

See *White v. James Robertson Mfg. Co.,* 170 Md. 691, 187 A. 831 (1936). See also *Kingsley v. Makay,* 253 Md. 24, 251 A. 2d 585.

In *Eder v. Rothamel,* 202 Md. 189, 95 A. 2d 860 (1953), we held that the mere entry of a judgment against one of the joint tenants does not destroy any of the four unities of interest, title, time and possession and hence, until there is an *execution* on the judgment which will destroy one or more of these unities, there is no severance of the joint tenancy. If there is a severance of the joint tenancy by way of an execution upon the judg-

ment of one of the joint tenants, the judgment *then* becomes a lien upon the interest of the judgment debtor in the tenancy in common which then arises. If, however, the judgment creditor does not execute upon the judgment against the judgment debtor-joint tenant during his life, the entire joint estate is held by the surviving joint tenant or tenants by survivorship and without any lien of the judgment against the property thus held by them. As we said in *Alexander v. Boyer, supra,* the joint tenants hold *"per my et per tout,"* and the nature of the tenancy is such that the judgment lien cannot attach to the estate in joint tenancy until after severance and the creation of a separate estate in title and possession to which the judgment lien can *then* attach. In *Eder,* the joint tenant who was the judgment debtor, predeceased the other joint tenant. We held that the survivor's interest was not subject to any lien of the judgment.

In the present case there was no execution by the judgment creditor prior to the conveyance by the joint tenants, nor was there any contract of sale or lease by one joint tenant or other action prior to the conveyance of October 5, 1967, by the joint tenants which might possibly result in a severance of the joint tenancy prior to the conveyance. That conveyance, it is true, terminated the joint tenancy, but simultaneously with the conveyance, title to the subject property vested in the grantees in fee simple. There was never a time, therefore, that Otho and William ever held title to the subject property as tenants in common so that there was no estate in the land which Otho, alone, held in severalty to which the lien of a judgment against him alone could attach. Inasmuch as the judgment is not against any of the grantees in the deed of October 5, the judgment lien obviously does not attach to any of their interests in the subject property.

Although as the appellee Bank correctly stated, we did not specifically pass upon the question presented in this case in *Eder,* we are of the opinion that the rationale in *Eder* is applicable to the instant case.

Our holding is, in our opinion, supported by the analogy between the situation in the case at bar and that presented by the prior holdings of this Court involving tenancies by the entireties and a judgment against one tenant by the entirety. We rec-

ognize, as the appellee Bank points out, that there are differences between joint tenancies, on the one hand, and tenancies by the entireties on the other, in that joint tenancies are not favored by the law, while tenancies by the entireties are so favored and joint tenancies may be severed by the consent of the parties or by their judgment creditors during their joint lives, while this may not be done in tenancies by the entireties. We must keep in mind, however, that a tenancy by the entirety is *a joint tenancy* with certain distinguishing characteristics because of the particular status of the parties as husband and wife. As Judge (later Chief Judge) Sloan, for the Court, stated in *Schilbach v. Schilbach,* 171 Md. 405, 407-08, 189 A. 432, 433-34 (1937):

> "A tenancy by the entireties is essentially a joint tenancy, modified by the common law theory that the husband and wife are one person. 1 *Tiffany on Real Property,* 645. Except for the fact that it cannot be defeated, during their lives, without the joint action of both, the same rules of law apply to it as to any other cotenancy."

The important thing to observe is that during the lifetime of both, the tenancy by the entireties can be terminated by the joint action of both and a conveyance by both to a third person does terminate a tenancy by the entireties in the land, but the proceeds ordinarily continue to be held by the entireties. *Beard v. Beard,* 185 Md. 178, 44 A. 2d 469 (1945); *Brell v. Brell,* 143 Md. 443, 122 A. 635 (1923). Accordingly, our predecessors have held that a judgment against one tenant by the entirety is not a lien upon the land held by the entireties, and a purchaser from the tenants by the entireties does not take the land subject to any such lien. *Blenard v. Blenard,* 185 Md. 548, 45 A. 2d 335 (1946); *Hertz v. Mills,* 166 Md. 492, 171 A. 709 (1934); *Ades v. Caplin,* 132 Md. 66, 103 A. 94 (1918); *Masterman v. Masterman,* 129 Md. 167, 98 A. 537 (1916). See also 1 Md.L.Rev. 238, 253 (1947).

In the cases last cited, the tenancy by the entireties was not terminated by the joint action of the tenants by the entireties prior to the conveyance made to the purchaser who immediately took the full fee simple or leasehold estate in the conveyed land.

Neither tenant, alone, ever held any interest in severalty to which the lien of the judgment against one tenant could attach. As we have indicated, the same situation exists in the present case. In both instances the estate held *"per tout"* passed directly to the purchaser and there was no estate in severalty in any tenants alone of the estate involved.

The appellee Bank *could* have executed prior to the conveyance of October 5 and *could* have created an estate in severalty in Otho to which its judgment lien could *then* have attached. It did not, however, do this, so that there never was an estate in severalty in Otho alone to which the lien could attach.

The rights of Otho and William in the purchase money are not before us and we do not indicate any opinion in regard to those rights.

> *Order of May 20, 1968 reversed and case remanded for entry of a summary judgment in favor of the appellant in accordance with this opinion, the costs in this court and in the lower court to be paid by the appellee.*