In the Matter of HOWELL–KESSLER CO., Debtor.

CHEMICAL BANK, Plaintiff,

v.

HOWELL–KESSLER CO. and Herbert J. Bliss, Esq., Trustee, Defendants.

No. 77 B 2183.

United States District Court, S. D. New York.

April 6, 1978.

Krause, Hirsch & Gross, New York City, for Howell-Kessler Co., Debtor/Appellant; Lewis Kruger, John F. Scheffel, Gerald W. McFarren, New York City, of counsel.

Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for Chemical Bank; Conrad B. Duberstein, Scott L. Hazan, New York City, of counsel.

LASKER, District Judge.

Howell-Kessler Co., a partnership which has filed for a real property arrangement under Chapter XII of the Bankruptcy Act, appeals from an order of the Bankruptcy Court holding that certain property to which Howell-Kessler claims equitable ownership is not within the court's jurisdiction under Chapter XII. The appeal is denied.

Chapter XII applies to any person "other than a corporation" who is the legal or equitable owner of real property which is security for any debt. § 406(6). The legal owner of the property in dispute here is Howell-Kessler Corporation, which is wholly owned by the partnership but, because of its corporate status, excluded from the benefits of Chapter XII. The partnership, however, asserts that the corporation is an inactive shell with merely nominal title and that it is the equitable owner of the property. Accordingly, it argues that, under § 406(6), the Bankruptcy Court does have jurisdiction over the property. Chemical Bank which holds a mortgage on the property and wishes to put the property up for sale, disputes this construction of equitable ownership and contends that the Bankruptcy Court does not have jurisdiction.

Because the facts are stipulated, the only question presented on appeal is the meaning of the term "equitable owner" as used in § 406(6). We find no support for Howell-Kessler's construction of equitable ownership in the cases it refers to. It relies primarily on *In re Helmwood Apartments,* 2 Bankr.Ct.Dec. 1151 (N.D.Ga.1976), in which a partnership was found to be the equitable owner of property legally owned by one of its partners. However, as Judge Schwartzberg's decision below observes the outcome in *Helmwood* can be attributed to the peculiarities of Georgia law, which prevents partnerships from holding title to property. Similarly, in *In re Romano,* 426 F.Supp. 1123 (N.D.Ill.1977), relied on by Chemical Bank, the District Court found that Chapter XII's reference to "equitable ownership" was intended to apply only where a qualified debtor was legally disabled from holding title to real estate. Specifically, the *Romano* court found that the *only* purpose of the "equitable ownership" provision was "to make clear that even in those states which have 'title' theories of mortgages, that a debtor will be eligible for Chapter XII relief." 426 F.Supp. 1123, 1131 (footnote omitted).

■ We agree with the courts in *Helmwood* and *Romano* that, in the absence of a clear Congressional directive, it is reasonable to construe "equitable ownership" to apply to the situation where a debtor is barred, as a matter of state law, from holding legal title to property of which it is the beneficial owner. Such a construction provides uniform entitlement to Chapter XII protection to persons similarly situated, despite the vagaries of state law. This construction is also plausible because it ensures practicality of administration of § 406(6) by averting the situation where the courts would be required to review every case in which a Chapter XII debtor claimed beneficial ownership of real property legally owned by another entity.

■ Moreover, it would be particularly inappropriate to permit Howell-Kessler to deny the independent existence of the corporation which it formed not due to any legal impediment to its own ownership of the property but in order to secure a tax advantage. A similar situation was presented in *Eastwood Properties, Inc.,* 3 Bankr.Ct.Dec. 1023 (M.D.Fla.1977), in which an individual formed a corporation to hold

title to property as a precondition to obtaining financing to purchase the property. Despite the fact that the corporation in *Eastwood* performed even less significant functions than the corporation involved here,[1] the court rejected a claim of equitable ownership of the property, stating that an individual who had earlier taken advantage of corporate status could not later pierce the corporate veil for his own benefit. Similarly, we find here that it would be inconsistent with the limited reach of the Bankruptcy Act to permit a debtor to assume or renounce corporate status, and thus take advantage of Chapter XII, depending on its needs of the moment.

Finally, we agree with Judge Schwartzberg that a respectable argument can be made that the corporation was not simply an inactive shell, as the partnership claims, but did have an independent existence for some period after its formation. (Bankruptcy Decision at 6–7) This factor alone substantially undercuts Howell-Kessler's position that it is entitled to the jurisdiction of the Bankruptcy Court under § 406(6).

Accordingly, the appeal is denied.

It is so ordered.

---

1. The *Eastwood* corporation issued no stock, formed no by-laws, held no meetings of directors, never opened a bank account, and reported little activity on its income tax forms.