In the Matter of URBAN DEVELOP-
MENT COMPANY AND
ASSOCIATES.

Civ. No. Y–78–2.

United States District Court,
D. Maryland.

June 27, 1978.

Sheldon H. Braiterman, and James D. Johnson, Jr., Baltimore, Md., for appellant Urban Development Co.

Louis Hoffman, Baltimore, Md., for appellant Associated Developers "E".

Howard D. Rubenstein, Baltimore, Md., for appellee Hearst Corp.

Joseph H. Colvin, Baltimore, Md., for appellee A. S. Abell Co.

Alan J. Bloom, Towson, Md., for appellee MCA Engineering.

William J. Rubine, Baltimore, Md., for appellee Hunter/Miller Assoc., Inc.

Robert B. Levin, Baltimore, Md., for appellee Lloyd Gerber.

JOSEPH H. YOUNG, District Judge:

This appeal from the Bankruptcy Court requires a determination of the relative rights and priorities of various parties in certain improved real property known as Brentwood Towers. The debtor is Urban Development Company and Associates (hereafter UDCA) whose sole general partners are Joel Y. Zenitz and Alvin E. Greenfeld. Claiming prior rights to the property are the appellant, Associated Developers "E" (hereafter ADE), a limited partnership, and the appellees, various judgment creditors of UDCA.[1]

Zenitz and Greenfeld were real estate developers involved in the construction of various housing projects sponsored by the Housing Authority of Baltimore City. In 1969, they entered into an umbrella agree-

---

1. In the proceedings below the parties referred to UDCA on the one hand and Zenitz and Greenfeld on the other interchangeably. Since the distinction between the two is immaterial for the purpose of this appeal, no differentiation is attempted here.

ment with William L. Adams, whereby Adams obtained the right to become a 50% limited partner in each turnkey housing project for which Greenfeld and Zenitz were designated the developers.[2] In 1970, Henry G. Parks joined this agreement, obtaining ½ of Adams' interest (*i. e.,* an option to become a limited partner with 25% interest in any project.)

Thereafter the parties entered into a separate, limited partnership for each housing project they developed, designating each with the partnership name of "Associated Developers" followed by a letter A, B, or C, etc. Sometime in 1970 or 1971, the City appointed Urban Development Co. & Assoc. the developers of Brentwood Towers, a turnkey project for the elderly, to be located on East 25th Street in Baltimore. Pursuant to the umbrella agreement Adams and Park exercised their option and became limited partners in Associated Developers "E", formed for the sole purpose of developing Brentwood Towers.

ADE's certificate of limited partnership was filed on November 3, 1971. According to the agreement, Parks and Adams, as limited partners, were each to contribute up to $25,000 to the project. The contribution of ADE's general partners, Zenitz and Greenfeld, was also valued at $50,000 and included the designation as developer and the right to acquire the property for the turnkey project. On August 30, 1973, the land on which the project was to be built was purchased. As directed by the partnership agreement, title was taken in the name of "Zenitz and Greenfeld trading as Urban Development Company & Associates." A loan from the First National Bank made to Zenitz and Greenfeld and guaranteed by Adams and Park supplied the capital for payment.

In April, 1975, the Housing Authority of Baltimore City entered into a contract of sale with Urban Development Co. & Assoc.

for the completed turnkey project. Shortly thereafter, on May 23, 1975, the land acquisition loan was paid off by exchanging it for a $4,167,000 construction loan, also from the First National Bank.

Between April 23, 1975 and November 7, 1975, several creditors (the appellees here) of Zenitz and Greenfeld obtained judgments against them. Although the record of the proceedings before Judge Kaiser does not reflect it, all parties agree that these debts did not arise out of the Brentwood Towers project but resulted from other non-related business ventures of Greenfeld and Zenitz.

In April, 1976, the creditors of UDCA filed a petition to have it adjudicated a bankrupt. The Bankruptcy Court then authorized UDCA to complete the project and the sale to the City. The proceeds from the sale were used to satisfy the first mortgage held by the First National Bank. The remaining funds (approximately $380,000) were placed in an escrow account to which any and all liens or equitable claims on Brentwood Towers were transferred.

ADE contends that it, and not UDCA or the general partners individually, owned the real property in question. Consequently, ADE argues, it is entitled, in the first instance, to the proceeds in the escrow account, and the appellees' claims must be satisfied, if at all, from the partnership interest in ADE owned by Zenitz and Greenfeld. The appellees, in turn, maintain that they have valid judgment liens on the realty proceeds and are entitled to priority.

The Bankruptcy Judge ruled that ADE was the equitable owner of Brentwood Towers. Nevertheless, he gave priority to the liens of the judgment creditors, assigning the residue of the escrow account to ADE.[3] This result is challenged by ADE and the debtor UDCA which represents its general creditors.

---

**2.** A turnkey housing project is a development project for which the City designates a developer, who purchases the land, constructs the improvements and sells the property the Housing Authority of Baltimore City.

**3.** The Bankruptcy Judge also declared invalid, because obtained within four months of bankruptcy, the judgment liens of other creditors of UDCA, but these parties have not appealed.

The finding that ADE was the equitable owner of Brentwood Towers involved a factual determination that the real property, although titled in the name of the general partners, was ADE partnership property. The appellees, rather than the appellants, contest this finding. Since they filed no cross-appeal, the appellants argue that the appellees cannot now attack this finding. The pertinent rule is found in *U. S. v. American Railway Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087 (1924).

"[A] party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it."

■ The appellees now have a judgment granting them priority in collecting from the escrow fund. They do not seek to revise that result in any way but are attempting to support it by a line of reasoning different from (and contradictory to) that employed by the Bankruptcy Judge. Because the contested portion of the ruling amounts to only a single finding of fact and a single judgment, this technicality should not bar a determination of the merits of this sub-issue in this Court. *Cf., NLRB v. International Lines,* 409 U.S. 48, 93 S.Ct. 74, 34 L.Ed.2d 201 (1972); *Helvering v. Pfeiffer,* 302 U.S. 247, 58 S.Ct. 159, 82 L.Ed. 231 (1937); *Morley v. Md. Casualty Co.,* 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593 (1937).

■ A finding of fact by the Bankruptcy Court must be accepted unless clearly erroneous. Bankruptcy Rule 810. The record below amply supports the inference that Brentwood Towers was the partnership property of and equitably owned by ADE. According to Maryland law, controlling here, *In Re Midway Corp.,* 185 F.Supp. 867, 870 (D.Md.1960), property recorded in the name of individual partners can clearly be partnership property, in which case the individuals hold the property in a resulting trust for the benefit of the partnership. *Williams v. Dovell,* 202 Md. 351, 356–357, 96 A.2d 484 (1953). The key to whether property not held in the partnership name is partnership property is "the intention of the parties to devote it to partnership purposes." *Kay v. Gitomer,* 253 Md. 32, 36–37, 251 A.2d 853, 855 (1969). Among the inquiries relevant to a determination of "the intention of the parties" are: how the ownership is treated in the partnership agreement, *Williams v. Dovell, supra,* 202 Md. at 358, 96 A.2d 484; who claims an interest in the property on the relevant tax returns and books; *Kay v. Gitomer, supra,* 253 Md. at 36–37, 251 A.2d 853; who paid for the property; *Ottaviano v. Lorenzo,* 169 Md. 51, 60, 179 A. 530 (1935); and who bore the expenses attributable to its maintenance; *Vlamis v. De Weese,* 216 Md. 384, 393, 140 A.2d 665 (1958).

According to the ADE partnership agreement the parties contemplated the purchase and development of Brentwood Towers for partnership purposes. The Agreement of Limited Partnership provided, *inter alia,*

"WHEREAS, the general partners have been designated 'Developers' of certain residential units consisting of 208 units in Baltimore City, Maryland, known as Brentwood Towers (hereinafter called the 'property'), and have, or expect to enter into a contract to construct and subsequently sell the said units to the City of Baltimore, Department of Housing and Urban Development; and

WHEREAS, the parties hereto desire to form a Limited Partnership under the provisions of Maryland Code Article 73, for the term and upon the conditions hereinafter set forth, for the purpose of developing and selling such units

NAME:

2.  The Partnership shall be conducted under the firm name and style of Associated Developers—E.

PURPOSE:

3.  The purpose of the Partnership is to develop and sell the property in accordance with a program for development submitted to and approved by the City of Baltimore, Department of Housing and Urban Development. The Partnership shall not engage in any other business.

TITLE TO THE PROPERTY:

8.  Title to the Property shall be taken in the name of the General Partners, trading as Urban Development Company and Associates, or their nominee for such purpose."

The transcript also shows that ADE filed a partnership tax return on the project, and that its books and ledgers reflected the assets and liabilities of the project. Moreover, the property was purchased and the building constructed through loans in UDCA's name but guaranteed by Adams and Park, the limited partners. Under these circumstances the Bankruptcy Judge was justified in finding that Brentwood Towers was partnership property with equitable ownership vesting in ADE.

■ There is no question that the appellees were creditors of Zenitz and Greenfeld only. The debts involved arose from transactions unrelated to the construction of Brentwood Towers. Accordingly, their judgments gave them a lien on the interest of Zenitz and Greenfeld in any real property located in Baltimore City. Md.Ct. & Jud.Proc. Art. § 11–402. However, as judgment creditors the appellees stand in the place of the debtors and can only take the property subject to the equitable charges to which it was liable at the time of the rendition of the judgment. *Eastern Shore v. Bank of Somerset,* 253 Md. 525, 530, 253 A.2d 367 (1969); *Stebbins-Anderson Co., Inc. v. Bolton,* 208 Md. 183, 188, 117 A.2d 908 (1955). Equitable ownership of the Brentwood Towers project, as found by the Bankruptcy Court and affirmed here, vested in ADE. The bare legal title to the property which Zenitz and Greenfeld did hold, was an empty technicality. *Madison National Bank v. Newrath,* 261 Md. 321, 275 A.2d 495 (1971). In essence, therefore, the debtors had no interest in the Brentwood Towers property to which the appellees' liens could attach. *Galeano v. Galeano,* 21 Md.App. 208–211, 319 A.2d 129 (1974).

■ A partner holding legal title to partnership realty and acting within the scope of his authority can convey an equitable interest to a purchaser for value without knowledge. Md.Corp. & Assoc. Art. § 9–302(c). However, it is problematical whether suffering an adverse judgment and its accompanying lien on real property amounts to a "conveyance," defined as, *inter alia,* "every encumbrance." Md.Corp. & Assoc. Art. § 9–101(d). But even assuming that it does, the debts of UDCA, unrelated to the Brentwood Towers project, were not incurred within the scope of the authority of Zenitz and Greenfeld as general partners of ADE. Furthermore, a judgment creditor in Maryland does not have the status of a bona fide purchaser, "a holder for value, without knowledge," and must stand or fall by the real, not the apparent, rights of the defendant in the judgment. *Stebbins-Anderson Co., Inc. v. Bolton, supra,* 208 Md. at 188, 117 A.2d 908; *Kolker v. Gorn,* 193 Md. 391, 398, 67 A.2d 258 (1949). Thus, these provisions of the Maryland Partnership Act reinforce the conclusion that the partnership property here was unencumbered by the liens of the appellees.

■ Although the appellees have no lien directly against the Brentwood Towers proceeds, they do have rights to the interests of Zenitz and Greenfeld in the ADE partnership itself. Md.Corp. & Assoc. Art. § 9–502(b). However, such an interest is personalty, Md.Corp. & Assoc. Art. § 9–503, upon which a creditor obtains no lien until attachment or execution. Md.Cts. & Jud. Proc. § 11–403. The appellees have not levied on this asset of Zenitz or Greenfeld (done by obtaining a charging order, Md.

Corp. & Assoc. Art. § 9–505) and any attempt to do so now would be void. Therefore, their rights to the partnership share of the general partners of ADE are no greater than those of the other unsecured creditors of Zenitz, Greenfeld and UDCA.

Finally, appellees contend that ADE should be estopped from asserting its existence, and thus, its ownership of the Brentwood Towers property. They argue that Adams and Park were dormant partners who allowed the creditors to proceed unaware of the existence of the limited partnership.

> Where a dormant partner permits the business world to believe that the ostensible partner is the owner of the business, he has been held to be estopped from claiming to the contrary against those who have in good faith acted on such appearance.

68 C.J.S. *Partnership* § 36.

In ruling that ADE had an equitable interest in Brentwood Towers, the Bankruptcy Court necessarily found that there was no secret partnership which warranted estoppel. A review of the record discloses that this finding was not clearly erroneous. As limited partners the roles of Adams and Park in the development business were circumscribed, but there is no indication that they were hidden or dormant partners or that ADE was a secret partnership. The partnership agreement containing a full disclosure of the arrangement was filed in 1971 two days after it was executed. The bank which made the land acquisition loan clearly knew of the limited partners who guaranteed the loan. Nor was the titling of the property in the name of UDCA a subterfuge, at least not one perpetrated on the creditors. It was apparently done to expedite the administrative processing of the project through the City departments which had designated UDCA as the developer.

Equally fatal to the appellees' estoppel argument is the fact that their dealings with Zenitz and Greenfeld had nothing to do with the Brentwood Towers project or the business of ADE. Therefore it is un-

likely that any dormancy of Adams, Park or ADE would have misled them or that they reasonably relied on such in extending credit to UDCA. *See Johnson Lumber Co. v. Magruder,* 218 Md. 440, 446, 147 A.2d 208 (1959).

In sum, the finding of the Bankruptcy Court that ADE equitably owned the Brentwood Towers property is supported by the record. The legal conclusion drawn from that finding, however, was erroneous. As a result the order of the Bankruptcy Court must be reversed and the case remanded to be resolved in a manner not inconsistent with this opinion.

SO ORDERED.