## In re 3700–3702 NORTH CHARLES STREET LAND LIMITED PARTNERSHIP, Debtor.

### Bankruptcy No. 79–01155 G.

United States Bankruptcy Court,
D. Maryland.

Nov. 21, 1979.

Joshua E. Raff, Baltimore, Md., for debtor 3700–3702 North Charles St.

James P. Koch, Baltimore, for trustees.

Thomas H. Price, III, Hyattsville, for defendant Al Gleeson Electrical Co., Inc., Retirement Trust.

Gary R. Greenblatt, Baltimore, Md., for defendant Central Sav. Bank of New York.

STATEMENT OF FACTS AND CONCLU-
SIONS OF LAW ON MOTION OF
JOHN W. MORRISON, VERNON S.
LYNCH, III AND EUGENE P.
SMITH, TRUSTEES, TO DISMISS
CASE

GLENN J. GOLDBURN, Bankruptcy Judge.

## STATEMENT OF FACTS

The debtor, a partnership, filed a petition under Chapter XII of the Bankruptcy Act, scheduling an apartment house valued at $1,500,000.00 as its only asset. A corporation, which is a general partner of the partnership, filed a petition under Chapter XI of the Bankruptcy Act in this Court and scheduled its only asset as the same real estate but listed its interest as "bare legal· title." The parties intended to dissolve the corporation and to transfer title to the real estate to the partnership but they neglected to convey the property to the partnership prior to the filing of these cases.

A second lienholder filed a motion to dismiss the Chapter XII case because the partnership was not "the legal or equitable owner of real property" as required by § 406(6) of the Bankruptcy Act.

## CONCLUSIONS OF LAW

Obviously, the partnership would like to have the benefits of Chapter XII of the Act but to do so, it must qualify as the equitable owner of real property. "Equitable ownership" as used in § 406(6) has been narrowly interpreted by the Courts. *In the Matter of Howell-Kessler Co., Debtor*, a case with facts similar to the instant facts, held: " . . . in the absence of a clear congressional directive, it is reasonable to construe 'equitable ownership' to apply to a situation where a debtor is barred, as a matter of state law, from holding legal title to property of which it is the beneficial owner. Such a construction provides uniform entitlement to Chapter XII protection to persons similarly situated, despite the vagaries of state law." 447 F.Supp. 976, 977 (S.D.N.Y.1978). *See also, In re Romano*, 426 F.Supp. 1123 (N.D.Ill.1977). In Maryland, a partnership may hold title to real property. Md. Corporations and Associations Code Ann. § 9–202(c) (1975). Thus, the partnership does not meet the test set forth in *Howell-Kessler*.

The debtor contends that Cherry Hill Road Corporation is merely an inactive shell, and that all indicia of ownership are found in the partnership. However, the clearest indicia, the passing and recording

of title were not accomplished in this case although the debtor's general partner had every opportunity to do so. The case cited by the debtor, *In the Matter of Urban Development Company and Associates*, 452 F.Supp. 902 (D.Md.1978), an involuntary bankruptcy, is inapposite since in that case the Court found that property held in the names of individual partners was equitably owned by the partnership. Section 406(6) was not construed in that involuntary straight bankruptcy case.

■ Since partnerships may hold real title to property in Maryland and the corporation had ample opportunity to convey the real estate to the partnership, the Court concludes that the partnership has neither equitable nor legal title to the real property.