857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re CAVALIER COURT ASSOCIATES, a limited partnership, t/a
Cavalier Court Apartments, Debtor,
W. Montel JONES; Joseph J. Cockriel; Davis A. McCue,
Plaintiff-Appellants
v.
CAVALIER COURT ASSOCIATES, a limited partnership, t/a
Cavalier Court Apartments, Defendant-Appellee
In re CAVALIER COURT ASSOCIATES, t/a Cavalier Court
Apartments, a limited partnership, Debtor,
W. Montel JONES; Joseph J. Cockriel; Davis A. McCue,
Plaintiffs-Appellants,
v.
CAVALIER COURT ASSOCIATES, t/a Cavalier Court Apartments, a
limited partnership, Robert E. Hyman, Trustee,
Defendants-Appellees
 No. 86-2661(L), 87-2652.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 9, 1987.
Submitted: Dec. 21, 1987.
Decided: Aug. 12, 1988.
 
 James Robert Sheeran, for appellants
 Mark Mario Esposito (Homer C. Eliades, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, DONALD RUSSELL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 These consolidated appeals involve the dismissal of the plaintiffs' claim against Cavalier Court Associates in a bankruptcy proceeding under Chapter 7. Both the bankruptcy court and the district court found that the claimants' interest did not constitute a claim cognizable under the Bankruptcy Code. We agree, and therefore affirm.
 
 I.
 
 2
 The claimants were the original limited partners in Cavalier Court Associates, whose principal asset was a 76-unit residential apartment complex in Hopewell, Virginia. The partnership's purchase of the complex was secured by two deeds of trust.
 
 
 3
 In late 1981, the claimants decided to sell the complex. Down East, a North Carolina limited partnership, agreed to purchase the complex. Because the deeds of trust carried relatively low interest rates and the first lien contained a due on sale clause, the parties structured the sale as one of the claimants' limited partnership interest in Cavalier Court rather than a sale of the apartment complex itself.
 
 
 4
 The parties concluded the sale on January 1, 1982. The parties agreed on a sale price of $462,078.04; Down East paid $100,000 in cash and made a nonrecourse promissory note for the balance. In return, the claimants transferred their collective 99 percent interest in Cavalier Court. As security for the promissory note, Down East executed an agreement assigning the claimants a security interest in the 99 percent interest in Cavalier Court. Significantly, Cavalier Court did not sign the note or the sales agreement; the transaction was between Down East and the claimants.
 
 
 5
 Payments on the note ceased in November 1983. Jones (who still was a general partner in Cavalier Court) filed a voluntary petition of bankruptcy under Chapter 11 for Cavalier Court. Eventually, the bankruptcy proceeding was converted to a Chapter 7 liquidation proceeding. The trustee sold the apartment complex and satisfied the two deeds of trust. We are informed that approximately $250,000 remains in the bankruptcy estate, although certain expenses and unsecured claims remain to be satisfied.
 
 
 6
 The claimants filed a proof of claim against Cavalier Court for approximately $315,000, representing the outstanding principal and interest on Down East's promissory note. The bankruptcy judge dismissed the claim. The claimants appealed to the district court. The district court held that the claimants had no claim against Cavalier Court as a creditor. Cavalier court did not sign the promissory note, and it incurred no liability as a result of the execution of the security agreement between Down East and the claimants. The collateral in that security agreement did not belong to Cavalier Court, but was the property of the limited partnership. For these reasons, the district court affirmed the denial of the claim. The claimants then appealed to this court.
 
 
 7
 Before the appeal could be heard, however, the claimants moved in the bankruptcy court to file an amended proof of claim. The claimants asserted that they were entitled to recover under an alternative theory of law, and that the amendment therefore should be allowed. Their new theory was that as assignees under Down East's security agreement of a 99 percent interest in Cavalier Court, they had a direct claim against the debtor. The bankruptcy judge denied the motion, and the district court affirmed. The district court reasoned that the claimants' asserted right to Down East's interest in Cavalier Court would arise only on a winding up of the limited partnership, and that that would occur only after the conclusion of the bankruptcy proceedings. Although the claimants might have a claim against Down East's interest in Cavaliier Court at that time, that still was not a claim against Cavalier Court itself.
 
 
 8
 Again the claimants appealed to this court.
 
 II.
 
 9
 We agree with the district court that the claimants are not creditors of Cavalier Court. Cavalier Court never made any notes in favor of the claimants; the transactions giving rise to the debt here were between Down East and the claimants as individuals.
 
 
 10
 Nor does Sec. 102(2) of the Bankruptcy Code expand the definition of "claim against the debtor" so as to allow the claim asserted here. 11 U.S.C.A. Sec. 102(2) (West 1979). That section allows claims "against property of the debtor," but the claim here is against no property belonging to Cavalier Court. The claim here is against a 99 percent interest in the limited partnership, which belongs to Down East. The initial claim was properly denied.
 
 
 11
 The motion to amend the proof of claim also was properly denied. Although the claimants in their brief point to sections of the Bankruptcy Code allowing untimely filings of or amendments to proofs of claim when a creditor seeks only the residue of an estate after all other claims have been paid, these sections do not avail the claimants. Because the claimants here are in no sense creditors of Cavalier Court, a fortiori, they have no proof of claim to amend.
 
 
 12
 At oral argument, the claimants represented that they have obtained a judgment against Down East on the promissory note. The claimants indicated that they intended to seek a lifting of the stay in the bankruptcy court to obtain a charging order against Down East's partnership interest in Cavalier Court under Va.Code Ann. Sec. 50-73.46 (1986). This appears to be the proper remedy in cases such as this. See In re Pischke, 11 Bankr. 913, 916-18 (E.D.Va.1981); In re Urban Dev. Co. & Assocs., 452 F.Supp. 902, 906-07 (D.Md.1978). The claimants would appear to have a right to the residual equity in the bankruptcy estate to the extent of their judgment against Down East on the promissory note. In such circumstances, the bankruptcy court is well armed to ensure an equitable distribution of the bankruptcy estate and its residue. See 11 U.S.C.A. Sec. 105(a) (West Supp.1988); Pepper v. Litton, 308 U.S. 295, 304-08 (1939).
 
 The decision of the district court is
 
 13
 AFFIRMED.