**In re YUN CHIN KIM, Debtor.**

**Steven H. Greenfeld, Plaintiff,**

**v.**

**Estate of Jeung Soon Kim, et al., Defendants.**

**Bankruptcy No. 96–19967–DK. Adversary No. 97–1540.**

United States Bankruptcy Court, D. Maryland.

Dec. 18, 2002.

---

Steven Greenfeld, Washington, DC, Pro se.

Daniel Press, Washington, DC, for Defendant Windsong, Inc.

James Hopewell, Riverdale, MD, for Yun Chin Kim.

## MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

Before the court is Plaintiff's Motion for Summary Judgment on the Amended Complaint as well as the response thereto

filed by co-defendant Windsong, Inc. No other co-defendants have filed responses to Plaintiff's Motion. The court finds that the issues are adequately presented in the pleadings it has before it and that a hearing would not aid in the decisional process.

Plaintiff is the chapter 7 trustee for the bankruptcy case of Yun Chin Kim ("Debtor"). Defendants are Debtor, Windsong, Inc., Chul Kim, Ju Yeon Kim Han, and the Estate of Jeung Soon Kim. According to the Amended Complaint, prior to bankruptcy, Debtor owned certain property located at 6412 Auburn Avenue, Riverdale, Maryland (the "Property") as joint tenants[1] with his mother, Jeung Soon Kim and that the Debtor had testified that the Property had a value of $125,000.00. The Property was allegedly encumbered by a first priority lien in the amount of approximately $26,000.00. Within 180 days after Debtor filed the instant bankruptcy case, the Debtor's mother passed away. The Amended Complaint seeks a determination that the Property, is now owned as tenants in common, in equal shares, by the bankruptcy estate and the Estate of Jeung Soon Kim (the "Decedent's Estate"). The Amended Complaint avers that as the Debtor's mother passed away intestate, the sole beneficiaries of the Decedent's Estate are Debtor and his siblings, co-defendants Chul Kim and Ju Yeon Han. In addition, Plaintiff claims that by reason of judgment, Windsong, Inc. held a second lien in the amount of $800,000.00 as to the Debtor's one-half interest in the Property.[2] In accordance with that belief, Plaintiff further requests a declaration that the Debtor's one-third interest in the one-half interest of the Property held by Decendent's Estate is not subject to the judgment lien of Windsong. Finally, the Amended Complaint seeks authorization for the Plaintiff to sell the Property free of the interest of the Decedent's Estate, subject to the provisions of 11 U.S.C. § 363(i) and (j).

Windsong, Inc. and Debtor were the only Defendants that filed answers to the Amended Complaint.[3] In Debtor's Answer, he stated that the Amended Complaint should be dismissed for failure to join as a necessary party, the personal representative of Decedent's Estate. No party, including Debtor, has filed a motion to dismiss the case on these grounds nor responded to the Motion for Summary Judgment.[4] Windsong, Inc. has consented to the Motion for Summary Judgment.

The court finds that the facts are not in material dispute and that partial summary judgment should be granted to Plaintiff on the Amended Complaint.

■ The first issue before the court is the precise nature of the parties' interests in the Property. It is undisputed that prior to bankruptcy the Debtor and his mother owned the Property as joint ten-

---

1. At the time of the bankruptcy filing, the joint tenancy would have been severed, and the Property would have been held as tenants in common. See *Feldman v. Panholzer*, 36 B.R. 647, 649–50 (Bankr.Md.1984) (holding *inter alia* that the filing of a chapter 7 case by a joint tenant converted the tenancy to a tenancy in common).

2. However, as discussed later in this *Memorandum*, Windsong's judgment did not create a lien in the Property under Maryland Law.

3. By separate Orders, the court is granting the Trustee's Motions for Default Judgment as to the non-answering co-defendants.

4. Indeed, one of the named co-defendants in the Amended Complaint is Estate of Jeung Soon Kim, c/o Sonia Salazar, Personal Representative. Mr. James Hopewell, Esquire, on behalf of the Decedent's Estate, filed a stipulation consenting to the filing of the Amended Complaint naming the Decedent's Estate as a co-defendant.

ants. It is also undisputed that Windsong obtained a judgment against Debtor (but not his mother) prior to bankruptcy. Trustee seeks a declaration from the court that because of that judgment, Windsong held a lien on the Debtor's one-half interest in the Property prior to and after the bankruptcy filing. The court cannot so find.

■ Although Sections 11–401 and 11–402 of the Courts and Judicial Proceedings Article of the Maryland Code, as well as Maryland Rule 2–621, provide that the recordation and indexing of a money judgment creates a lien on real property owned by the judgment debtor in the county in which the judgment is reviewed and indexed,[5] the recordation and indexing of a judgment (without execution) "does not sever a joint tenancy or prevent the interest of the judgment debtor from passing to or ripening in the surviving co-tenants, free of lien." *Eder v. Rothamel,* 202 Md. 189, 193, 95 A.2d 860 (1953). Therefore a judgment lien does not attach to a joint tenant's interest in real property until a severance of the joint tenancy. *See e.g., Eastern Shore Building and Loan Corp. v. Bank of Somerset,* 253 Md. 525, 531, 253 A.2d 367 (1969)("the joint tenants hold 'per my et per tout,' and the nature of the tenancy is such that the judgment lien cannot attach to the estate in joint tenancy until after severance and the creation of a separate estate in title and possession to which the judgment lien can then attach."); *Fick v. Perpetual Title Co.,* 115 Md.App. 524, 545, 694 A.2d 138, 148 (1997)(citing *Eastern Shore Building and Loan Corp., supra* ). In this case, the joint tenancy was not severed until the debtor filed bankruptcy. However at that same instant the automatic stay under 11 U.S.C. § 362(a) arose, thus barring Windsong's judgment from attaching to the Property.[6] Accordingly, the Property is not currently (nor ever was) encumbered by a lien of Windsong.

■ Next, Plaintiff requests that the court determine the respective interests of the heirs of Decedent's Estate in the Property. At the time of filing the bankruptcy case, Debtor (thereafter Debtor's bankruptcy estate) and his mother owned the Property as tenants in common, with equal interests. When Debtor's mother passed away, Debtor's bankruptcy estate and the Decedent's Estate each owned equal one-half interests in the Property. As Debtor's mother passed away within 180 days of the bankruptcy filing, pursuant to 11 U.S.C. § 541(a)(5), the Debtor's one-third interest in the proceeds of the Decedent's Estate is property of the Debtor's bankruptcy estate.

■ Finally, Plaintiff seeks authority to sell the Property free and clear of the interests of any other entities or persons. Section 363(h) provides:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

---

**5.** If the real property is located in Baltimore City, the entry of a judgment in a court of record in Baltimore City creates a lien on real property of the judgment debtor located in that city.

**6.** *See e.g., Birney v. Smith (In re Birney),* 200 F.3d 225 (4th Cir.1999) (finding that automatic stay prevented attachment of judgment creditor's lien even though debtor's wife died postpetition and property was therefore no longer owned as tenancy by the entireties).

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

In the Debtor's Answer, Debtor acknowledged that the conditions set forth in Section 363(h)(1), (2) and (4) were met. Debtor contested only the Plaintiff's averment that the benefit to the estate realized by the sale would outweigh the detriment to the co-owners of the Property. In the Motion for Summary Judgment, Plaintiff demonstrated a benefit to the estate as supported by Debtor's Schedules A and D, attached as exhibits to the Motion for Summary Judgment. Debtor, however, has offered no evidence or further argument to dispute Plaintiff's evidence and the court finds that the Plaintiff's burden pursuant to Section 363(h)(3) has been satisfied.

For these reasons, the court grants in part the Motion for Summary Judgment. Plaintiff will be permitted to sell the Property. Furthermore, the court finds that in addition to the one-half interest in the Property that came into the Debtor's bankruptcy estate at the time of the bankruptcy filing, any interest of the Debtor as a beneficiary in the one-half interest owned by the Decedent's Estate is also property of the Debtor's Bankruptcy Estate.

A separate Order will be entered in accordance with the court's ruling.