STATE of Delaware

v.

ONE 1968 BUICK ELECTRA DELAWARE REGISTRATION 43003, SERIAL NO. 484398H155641.

Superior Court of Delaware, New Castle.

Jan. 2, 1973.

Murray Sawyer, Deputy Atty. Gen., Wilmington, for the State of Delaware.

Bernard Balick, of Aerenson, Balick & Balick, Wilmington, for respondent.

STIFTEL, President Judge.

The State seeks statutory forfeiture of a 1968 Buick titled: Rodney W. Brown and/or Rochelle D. Brown. Rodney W. Brown drove the Buick. Heroin was legally seized in it. Police seized the Buick and have custody of it. On June 19, 1972, Rodney Brown pleaded guilty to possession of the seized heroin. This action of forfeiture followed. Rochelle D. Brown filed an affidavit explaining she jointly owned the Buick with her husband and that the action of forfeiture under 11 Del.C. § 2322 should not be permitted because she falls within the meaning of the exclusionary language in 11 Del.C. § 2325, since she is an owner and did not *knowingly* use or permit the vehicle to be used in, or in connection with, any violation of the laws relating to narcotic drugs.

11 Del.C. § 2325 specifies those innocent persons whose rights transcend those of the State in a forfeiture action. § 2325 says that forfeiture shall not apply against *"the owner"* of a vehicle "who has not knowingly used or permitted the vehicle to be used in . . .". Is Rodney W. Brown "the owner"? The vehicle was titled "Rodney W. Brown and/or Rochelle Brown". A certificate of title to a motor vehicle is generally presumptive evidence of the ownership of the vehicle. Cf., Forman v. Anderson, 183 Neb. 715, 163 N.W. 2d 894, 896. The title in this case shows ownership in both *or* individually. Cf. Townsend v. Roof, 210 Mo.App. 293, 237

S.W. 189, 190; Black's Law Dictionary (Rev. 4th Ed.), p. 1540. As such, the law can treat the ownership, as the husband and wife wished to treat it, as "joint and several". Thus, the husband is "the owner" and so is the wife the owner. Here, the State has proceeded against "the owner" and has complied with § 2322. The fact that Mrs. Brown was without knowledge of its use is immaterial insofar as the State meeting the requirements of § 2322.

Respondent's argument that the State should not proceed to forfeiture in a "possession of narcotic" case is not a matter for the Court. It is solely within the discretion of the Attorney General. He has this power by statutory grant and no evidence has indicated any arbitrary use of this power. Respondent's remarks are more properly for the Legislature than this Court.

Libel of Information for Forfeiture will be signed.

So ordered.