586 P.2d 993

**In the Matter of the 1976 BLUE FORD PICKUP, ARIZONA LICENSE NL–3234, VIN F10GEC55410.**

**The STATE of Arizona, Plaintiff/Appellee,**

v.

**David L. PYLE and Mary L. Pyle, Defendants/Appellants.**

**No. 2 CA–CIV 2893.**

Court of Appeals of Arizona, Division 2.

Sept. 21, 1978.

Beverly H. Jenney, Cochise County Atty. by Jody N. Klein, Deputy County Atty., Bisbee, for plaintiff/appellee.

Gentry, McNulty, Borowiec & Desens by Stephen M. Desens, Bisbee, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This is an appeal from a judgment forfeiting to the state the interest of the record owners of a 1976 Ford half-ton pickup truck. Appellants contend that (1) under the facts and circumstances of this case, the forfeiture constituted a taking of property without due process of law or (2) the court erred in not finding that appellant Mary L. Pyle was a claimant or lienholder within the purview of A.R.S. § 36–1045(D).

Briefly, the pertinent facts are as follows. Appellant David L. Pyle is the natural son of May L. Pyle who resides in Alexandria, Virginia. Mrs. Pyle purchased the pickup truck in Virginia for $3,500 cash and the vehicle was titled in Virginia under the name of David L. Pyle and Mary L. Pyle. Several months later, David moved from Virginia to Arizona to enroll in Cochise College. According to Mrs. Pyle, David promised her that when he got out of school and on his own or if he dropped out of school, he would pay her for the truck and take over payment of the insurance premiums. David was instructed by his mother not to use the vehicle for any unlawful purpose and she had no knowledge that her

son had any contact with drugs or marijuana prior to the incident which gave rise to the forfeiture.

Application for an Arizona certificate of title was made to enable David to establish residency and reduce his tuition expense. Mrs. Pyle executed the necessary application in Virginia and mailed it to Arizona. In accordance with the application, an Arizona certificate of title was issued in the name of Mary Pyle *or* David Pyle. The car registration was also in the name of David *or* his mother. Mrs. Pyle assumed that if the Arizona title was issued in two names, her signature would be required if her son wanted to sell the truck. She testified that her son's name was on the title since he was to use the truck for going to school, but after David moved to Arizona he had the sole use of the truck and as long as he remained in school and behaved himself, he would continue to have the sole use.

On March 17, 1977, David was stopped for speeding while driving the truck on Highway 92 in Cochise County. A baggie containing 1.45 grams of marijuana was discovered in the pocket of a coat hanging on a rack over the back window. David was arrested for possession of marijuana, the truck was impounded and this forfeiture proceeding followed.

## WAS THE FORFEITURE VIOLATIVE OF DUE PROCESS?

■ A.R.S. § 36–1041 provides:

"The interest of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug is unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant, shall be forfeited to the state."

In the case of *In re One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827 (1970), our Supreme Court stated:

"We accordingly hold that an automobile may not be forfeited under Section 36–1041, A.R.S., et seq., unless the owner has some connection with the unlawful act, or intended to permit the automobile to be used by a third person in the commission of the unlawful act, or had knowledge it was to be so used. This is in line with the trend of the more recent decisions of the United States Supreme Court in the protection of constitutional rights, both of person and property.

In the instant case the evidence is uncontradicted that the use of the automobile for transportation was at the instance and request of the narcotics agent—that the mother, the owner, had permitted the 17-year-old son to use the automobile for the purpose of going to and from school and the library. There is no evidence—circumstantial or otherwise—that she had any knowledge or reason to believe that the boy would use the automobile for an illegal purpose, in violation of Section 36–1041, A.R.S.—that she had utmost confidence in her son, and believed him to be of good moral character—that the narcotics agent had never indicated to her anything which would arouse her suspicions to the contrary." 105 Ariz. at 300–301, 463 P.2d at 834.

The factual posture of the *Ford Mustang* case is completely unlike the instant case. In the former case, the mother was the owner of the vehicle which she permitted her son to use to go to and from school and on the occasion in question, to take the car to the library. After prior refusal to do so, the son agreed to obtain a quantity of marijuana for an undercover agent. He drove the Ford Mustang to a shopping center at which time the agent gave him money for the purchase. The son then returned with the marijuana in the Mustang and delivered at least one packet to the agent. Our Supreme Court adopted the "reasonable approach" of an Illinois court in interpreting a statute similar to ours:

" * * * [S]erious as the evils of the narcotic traffic undoubtedly are, it is not to be supposed that the legislature intended a forfeiture *unless the owner has some connection therewith or was otherwise at fault in some respect.*" *1957 Chevrolet v. Division of Narcotics Control*, 27 Ill.2d 429, 189 N.E.2d 347 (1963).

In the case at bench, we do not have a situation of mere entrustment by the owner. Although the mother required that her name appear on the title, she permitted ownership and exclusive possession and dominion of the vehicle in her son.[1]

Mrs. Pyle, having assented to the joint tenancy, enabled her son to act as sole owner. In his use of the vehicle he subjected it to forfeiture. As joint owner he was fully capable of doing so. His mother's status as an "innocent owner" within the purview of *In re One 1965 Ford Mustang*, supra, cf., *United States v. One 1971 Chevrolet Corvette,* etc., 393 F.Supp. 344 (E.D. Pa.1975), cannot salvage the vehicle from the forfeiture occasioned through the activities of the joint owner.

■ We find no merit in appellants' argument that the state failed to show a connection between David and the marijuana. He owned the vehicle and was the only person in it when stopped on the highway. His conduct at the time of the stop and the strong odor of marijuana from the vehicle rebut any claimed lack of knowledge of the marijuana's presence.

WAS MARY L. PYLE A CLAIMANT WITHIN THE PURVIEW OF A.R.S. § 36–1045(D)?

A.R.S. § 36–1045 provides in pertinent part:

"C. At the hearing any owner or claimant who has a verified answer on file to show by competent evidence that the vehicle was not used to transport narcotic drugs illegally, or that narcotic drugs were not unlawfully possessed by an occupant of the vehicle, nor the vehicle used as a depository or place of concealment for narcotic drugs.

D. A claimant of any right, title or interest in the vehicle may prove his lien, mortgage or conditional sales contract to be bona fide, and that his right, title or interest was created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser, and without knowledge that the vehicle was being, or was to be used for the purpose charged, . . . ."

■ Mrs. Pyle claims that she was a "claimant" with a bona fide lien against the truck, having paid for it and having agreed with her son that he would repay her at a future date. We disagree. The statutory scheme distinguishes between owners and claimants. Since Mrs. Pyle was an owner, she was not a "claimant" within the purview of A.R.S. § 36–1045(D). *People v. One 1933 Plymouth Sedan Deluxe Automobile,* 13 Cal.2d 565, 90 P.2d 799 (1939). The fact that her money was used to purchase the truck did not change her status as an owner to that of a lienholder. *People v. 1960 Ford 2dHTTHBD,* 228 Cal.App.2d 571, 39 Cal. Rptr. 636 (1964).

■ Once the basis for forfeiture under A.R.S. § 36–1041 was established, and no statutory exceptions were applicable, the trial court had no discretion but to declare the seized vehicle forfeited. *State v. One 1967 Ford Mustang,* 266 Md. 275, 292 A.2d 64 (1972).

Judgment affirmed.

RICHMOND, C. J., and HOWARD, J., concur.

---

1. Pursuant to statutory authority, A.R.S. §§ 28–108, 28–202, et seq., the Department of Transportation adopted R17–4–24 which prescribes the method of indicating type of ownership of a motor vehicle. Subsection (5) provides:

"That the vehicle division will transfer the ownership of a vehicle or encumber the same when there is more than one owner, only upon compliance with the requirements set forth below in connection with the method under which the title has been issued.

\* \* \* \* \* \*

c. Where the ownership is a joint tenancy, with an express intent that either of the owners have full authority to transfer ownership of the vehicle or to encumber the same, the owner's name on the title shall be shown as follows:

John Doe or Joe Roe

As a condition of issuing a title showing the ownership as just indicated above, the two owners will be required to sign a form to be furnished by the department, such document to authorize their party to transfer or encumber the vehicle by his or her signature alone." Official Compilation of Administrative Rules and Regulations, Arizona State Agencies, Title 17, Transportation.