721 P.2d 683

**In the Matter of 1979 DODGE VAN, 1985 ARIZONA LICENSE # 2XY–995 # B21JE9X146734.**

**STATE of Arizona, Appellant,**

v.

**Joan BARRETT, Claimant-Appellee.**

**No. 1 CA–CIV 8503.**

Court of Appeals of Arizona, Division 1, Department A.

June 19, 1986.

David S. Ellsworth, Yuma Co. Atty. by John K. White, Deputy Co. Atty., Yuma, for appellant.

Wm. Michael Smith, P.C. by Wm. Michael Smith, Yuma, for claimant-appellee.

OPINION

KLEINSCHMIDT, Judge.

The state appeals the trial court's judgment denying forfeiture of a motor vehicle and ordering its return to claimant-appellee, Joan Barrett. We affirm.

The 1979 Dodge van in question is held in joint tenancy by Joan Barrett and her husband, Jack Barrett. On April 4, 1985, Jack Barrett was arrested while driving the van. At the time of the arrest, a quantity of marijuana was found in the van. The state filed a forfeiture action requesting that the van be forfeited to the Department of Public Safety pursuant to A.R.S. §§ 13–3409(A)(3) and 13–106. Both Jack and Joan Barrett received notice of the action, but only Joan Barrett answered. In her answer, she demanded the return of the vehicle. The trial court found against the state and ordered the van returned to Joan Barrett.

Arizona Revised Statutes § 13–106 prescribes the procedure by which the state may seek forfeiture of property involved in a crime. That statute also provides a means by which a party who has an interest in the property and who was not involved in the crime may claim the property.

Arizona Revised Statutes § 13–106(G) states:

> [T]he court shall order the property restored or transferred to the claimant, if any, who proves, by a preponderance of the evidence, all of the following:
>
> 1. The claimant is the lawful owner or is otherwise entitled by law to ownership due to enforcement of a civil proceeding.
>
> 2. The claimant's possession, use or other act is or was lawful.
>
> 3. The unlawful possession, use or other act upon which forfeiture is sought was without the consent of the claimant.

The trial court found that Joan Barrett "is the lawful owner of the 1979 Dodge Van, that Joan Barrett's possession and use of the 1979 Dodge Van is lawful and that the unlawful possession, use or other act upon which forfeiture is sought was without the consent and knowledge of Joan Barrett." Thus finding the conditions of A.R.S. § 13–106(G) fulfilled, the judge ordered the van returned.

The state, however, relies on *Matter of 1976 Blue Ford Pickup*, 120 Ariz. 432, 586 P.2d 993 (App.1978), in which Division 2 of this court held that a joint tenant's "status as an 'innocent owner' ... cannot salvage the vehicle from the forfeiture occasioned through the activities of the [other] joint owner." 120 Ariz. at 435, 586 P.2d at 996. While the state correctly summarizes the holding in *Blue Ford Pickup*, we question whether that case is good law in light of our supreme court's concern for the rights of an "innocent owner" as discussed in *Matter of One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827 (1970).

In any event, the state ignores the fact that the statutes prescribing the procedure by which a party with an interest in property subject to forfeiture may claim that property have been substantially rewritten since the decision in *Blue Ford Pickup*. When *Blue Ford Pickup* was decided, the claimant was required to prove "his lien, mortgage or conditional sales contract to be bona fide." The court held that this requirement established a distinction between "claimants" and "owners." Because the joint owner could not establish herself as a "claimant," the court held she was not entitled to the return of the property. 120 Ariz. at 435, 586 P.2d at 996.

The claimant statute as it now exists, and as set forth above, clearly establishes the right of an owner to reclaim property in a forfeiture case. Thus, the state's reliance on *Blue Ford Pickup* is misplaced. The trial court found that Mrs. Barrett met the revised requirements of a claimant, and the record supports this finding. Thus, the trial court correctly ordered the return of the van to appellee.

On appeal, the state claims that regardless of Joan Barrett's interest in the van, it is at least entitled to forfeit Jack Barrett's interest. This relief was not requested below. In its complaint, the state demanded that all interests in the vehicle be forfeited to the Department of Public Safety. A means by which the state might forfeit the husband's interest while preserving the wife's interest to her was not explored below and we therefore decline to address the issue. We note that the statute does not provide for such a division of interests.

Affirmed.

GREER and MEYERSON, JJ., concur.