517 A.2d 103
**STATE of Maryland**

v.

**ONE 1984 TOYOTA TRUCK.**

**No. 284, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Nov. 10, 1986.

Certiorari Granted March 24, 1987.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City, John Prevas and Jamey Hochberg, Asst. State's Attys. for Baltimore City, on brief), Baltimore, for appellant.

No brief or appearance by appellee's counsel.

Argued before GILBERT, C.J., and WEANT and KARWACKI, JJ.

GILBERT, Chief Judge.

That this appeal would arise was inevitable. It has been destined to arrive in this Court since the enactment of Laws 1984, Ch. 549. That act provides in pertinent part:

"No conveyance shall be forfeited under the provisions of this section to the extent of the interest of any owner of the conveyance who neither knew nor should have

known that the conveyance was used or was to be used in violation of this subtitle."

Under the statute, when a vehicle is owned by husband and wife as tenants by the entireties and the wife is adjudged to be without knowledge of any narcotics involvement by her husband while using the vehicle, is the "conveyance" immunized against forfeiture? Before addressing that enigmatic issue, we set the stage that gave birth to it.

Debra Lou Kessler and her spouse, Craig, owned a 1984 Toyota truck.[1] On June 15, 1985, while Debra Kessler was in Nashville, Tennessee, on business, Craig Kessler was apprehended, in the truck, in possession of cocaine and marijuana. The cocaine was of sufficient quantity to indicate an intent to distribute.[2] The vehicle was seized, and the State timely moved to have the vehicle forfeited pursuant to Md.Ann.Code art. 27, § 297. Debra Kessler resisted forfeiture and asserted her ownership of the truck.

In the Circuit Court for Baltimore City, Judge Marvin B. Steinberg found as a fact that Mrs. Kessler had no knowledge of her husband's drug involvement, and she was totally unaware that he was using the truck for illegal purposes.

Despite the urging of the State that Craig Kessler's interest in the truck should be forfeited, Judge Steinberg ruled that the court was without authority to sever the tenants by the entireties ownership and order sale of the vehicle. Either because it was disappointed with that result or because of its desire to obtain an appellate construction of Laws 1984, Ch. 549, or both, the State has appealed.

■ There is no dispute that a motor vehicle may be owned by a husband and wife as tenants by the entireties. That is the established law. *Brewer v. Bowersox,* 92 Md.

---

1. The vehicle is not otherwise described.

2. Md.Ann.Code art. 27, § 286(a)(1); *see Waller v. State,* 13 Md.App. 615, 284 A.2d 446 (1971).

567, 572, 48 A. 1060, 1062 (1901), flatly declares that "a tenancy by the entireties may be created in personalty." The Court continued:

> "The marital relation with its common law unity of two persons in one, gives rise to this peculiar estate when a conveyance or gift is made to them without restrictive or qualifying words; and they hold as tenants by the entirety ... because they *are* husband and wife. This estate with its incidents continues in Maryland as it existed at the common law. *McCubbin v. Stanford*, 85 Md. [378], 390 [37 A. 214]. It differs materially from all other tenancies. The right of survivorship, which is one of its chief incidents, can not be destroyed except by the joint-act of the two; and upon the death of either the other succeeds to the entire property or fund. 2 *Bl.Com.*, 182; *Coke, Litt.*, 187A; *Green v. King*, 2 W.Bl. 1211; *Hanan v. Towers [Lee]*, 3 Har. & J. [131], 147."

92 Md. at 572–73, 48 A. at 1062–63 (emphasis in original). *See Arbesman v. Winer*, 298 Md. 282, 288, 468 A.2d 633, 636 (1983), where the Court stated that both husband and wife must join in "actions *ex delicto* where personal property is involved." *See also Hammond v. Dugan*, 166 Md. 402, 409, 170 A. 757, 760 (1934), where the Court, dealing with a dispute over the ownership of bonds, said, "When property is held by a man and his wife, from the relationship of the parties, without qualifying words, [a tenancy by the entireties] exists."

The record in the matter *sub judice* reveals that the motor vehicle was titled:

"Craig Donald Kessler
Debra Lou Kessler"

without any "restrictive or qualifying words." Thus under the clear holding of *Brewer*, and its progeny, title to the Toyota was in the Kesslers as tenants by the entireties.

■ Prior to the enactment of Laws 1984, Ch. 549, now codified as Md.Ann.Code art. 27, § 297(a)(4)(iii), no protection from forfeiture was available to an owner as a tenant

by the entirety. The decision to recommend forfeiture was vested in the discretion of the chief law enforcement officer of the agency that seized the vehicle as well as in the State's Attorney. If the chief law enforcement officer or the State's Attorney, acting under carefully delineated guidelines, believed the protestations of an owner, a forfeiture action was not filed.

The State asserts that article 27, § 297(a)(4)(iii) was meant to apply to lienholders, not "innocent spouses." The State also contends the purpose of inserting the phrase "extent of the interest" into § 297(a)(4)(iii) was "obviously to further insure that the interest of lienholders would be protected, as equitable owners of vehicles, and not to create a new defense for tenants by the entireties."

Examination of the legislative history of § 297(a)(4)(iii) discloses a committee report that stated the intent of the bill:

"This legislation was introduced to provide expedited forfeiture procedures for motor vehicles seized in connection with drug arrests and to provide that the holder of a recorded secured interest in the vehicle shall receive payment before any money goes to pay governmental units for the seizure and forfeiture costs.

The purpose of this bill is to alleviate the hardship worked on dealerships with a secured interest in a motor vehicle which has been seized and forfeited in connection with drug arrests.

As enacted, the statute provides in pertinent part:

"(j) ... (1) If, after a full hearing, the court determines that the motor vehicle should not be forfeited, the court shall order that the motor vehicle be released.

(2)(i) If the court determines that the motor vehicle should be forfeited, the court shall order that the motor vehicle be forfeited to the State.

(ii) If, however, the court determines that the forfeited motor vehicle is subject to a bona fide recorded security interest created without the knowledge that the motor

vehicle was being, or was to be used in violation of this subtitle, the court shall order that the motor vehicle be released within 5 days to the secured party of record.

(iii) The secured party shall sell the motor vehicle in a commercially reasonable manner.

(iv) *The proceeds of the sale shall be applied as follows:*

1. To the court costs of the forfeiture proceeding;

2. To *the balance due the secured party including all reasonable costs incident to the sale;*

3. To payment of all other expenses of the proceedings for forfeiture, including expenses of seizure, or maintenance of custody; and

4. To the general funds of the State or the political subdivision that seized the motor vehicle."

(Emphasis supplied.)

Although the State's concept of the legislative intent certainly appears to be correct, nevertheless the language of § 297(a)(4)(iii) can only be read to include the interest of a tenant by entirety. The statute is clear and unambiguous in its protection of innocent motor vehicle owners from forfeiture of their interest in the vehicle irrespective of the fact that the vehicle may have been used in violation of Controlled Dangerous Substances laws. Whatever the intent of the Legislature was when it enacted § 297(a)(4)(iii), it unmistakably established a tenants by the entirety defense, provided, of course, the criterion of "innocent spouse" is satisfied.

■ To overcome the "innocent spouse" defense of Debra Kessler, the State argues that the guilty knowledge of her husband should be imputed to her. In support of its position, the State cites us to *State v. One 1968 Buick Electra,* 301 A.2d 297 (Del.1973); *In re 1979 Lincoln Continental, etc.,* 405 So.2d 249 (Fla.Dist.Ct.App., 3rd Dist., 1981); *Amrani-Khaldi v. State,* 575 S.W.2d 667 (Tex.Civ. App.1978); *Matter of 1976 Blue Ford Pickup,* 120 Ariz. 432, 586 P.2d 993 (1978).

Our perusal of those cases leads us to conclude that they are inapposite. *One 1968 Buick Electra* was concerned with a jointly owned automobile. The Superior Court of Delaware held that under that type of ownership both are "the owner." 301 A.2d at 298. Thus, the State could and did proceed against "the owner" when it sought forfeiture of the car as a result of the husband's possession of narcotics.

The Texas *Amrani-Khaldi* case involved community property law which provided that a "spouse can obligate the community property of . . . [the other] spouse without the consent or knowledge of the other spouse." 575 S.W.2d at 668. On that ground the court permitted forfeiture.

The Florida decision in *1979 Lincoln* was a three paragraph opinion holding that each of the spouses was "the owner," and it mattered not one whit that the other spouse was "entirely innocent." 405 So.2d at 250. There is no discussion in the case concerning tenancy by the entireties. As explained *infra*, the rationale of the case was subsequently rejected in *Smith v. Hindery*, 454 So.2d 663 (Fla. Dist.Ct.App., 1st Dist., 1984).

Lastly, the Court of Appeals of Arizona in *1976 Blue Ford Pickup* was concerned with a joint tenancy wherein one tenant, who was the mother of the other tenant, "assented [to have] her son . . . act as sole owner." 120 Ariz. at 435, 586 P.2d at 996. Because of the son's total dominion over the vehicle, the mother, in effect, yielded her right to claim ownership.

None of those four cases are factually similar to the case at bar, and none involve a forfeiture statute comparable with Maryland's. Moreover, none address tenants by the entirety.

The State boldly asseverates that even if guilty knowledge cannot be imputed to an innocent spouse a tenancy by the entireties should be severed so as to permit the seizure of the guilty spouse's interest. That simplistic argument

completely overlooks the nature of the estate of tenants by the entireties.

The estate arises out of the relationship between husband and wife since they are, in the contemplation of the common law, one person and not two. *Brewer v. Bowersox, supra.* "They are each seised of the entirety, and the survivor takes the whole. As stated in Blackstone ... 'the consequence of [the relationship] is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor.' 2 Bl.Com. 182." *Marburg v. Cole,* 49 Md. 402, 411 (1878), *cited in Arbesman v. Winer,* 298 Md. at 286–87, 468 A.2d at 635. The husband and wife each have the "entire use" of the entire property, hence the name tenants by the entireties. *Wimbish v. Tailbois,* 1 Plowd. 38, 58, 75 Eng. Rep. 63, 94 (1550) (Mountague, C.J.). It logically follows that if one tenant cannot dispose of the whole or any part without the assent of the other, then neither he nor she may encumber the whole or any part absent the consent of the other spouse. *See Arbesman v. Winer,* 298 Md. at 286, 468 A.2d at 635; *State v. Friedman,* 283 Md. 701, 705, 393 A.2d 1356, 1359 (1978); *Ades v. Caplan,* 132 Md. 66, 69, 103 A. 94, 95 (1918).[3]

■ Usually the methods of terminating an estate of tenancy by the entireties in Maryland are:

1) the death of a spouse;

2) an absolute divorce or annulment;

3) a judicial sale grounded on a jointly incurred debt or obligation;

4) a jointly agreed sale of the property;

5) abandonment, consumption, or destruction of the property;

6) jointly agreed change in title;

7) eminent domain;

---

**3.** The name "Caplan" is erroneously spelled "Caplin" in the Maryland Reports.

8) joint gift of the property to another;

9) joint bankruptcy.

The status of tenants by the entireties in this State was made manifest in *Picking v. Yates,* 265 Md. 1, 2, 288 A.2d 146, 147 (1972). The Court said:

"No principle is better established in our law than that tenants by the entirety, because, unlike joint tenants, they hold *per tout et non per my,* [by the whole, and not by the moiety] must act together to sell their property, *Eastern Shore Bldg. & Loan Corp. v. Bank of Somerset,* 253 Md. 525, 253 A.2d 367 (1969); to subject it to any interest or encumbrance, *Lissau v. Smith,* 215 Md. 538, 138 A.2d 381 (1958), or to lease it, *Tizer v. Tizer,* 162 Md. 489, 160 A. 163 (1932). Similarly, both spouses must join in an action for damages to property which they own by the entirety, 2 Poe, *Pleading and Practice* § 428, at 18 (6th ed. 1970). . . ."

Attacks on the tenancy have been repelled in *Eastern Shore Building and Loan Corporation v. Bank of Somerset,* 253 Md. 525, 532, 253 A.2d 367, 371 (1969) ("a judgment against one tenant by the entirety is not a lien upon the land held by the entireties, and a purchaser from the tenants by the entireties does not take the land subject to any such lien"); *Lake v. Callis,* 202 Md. 581, 588, 97 A.2d 316, 319 (1953) ("the property . . . held by the entireties is . . . not subject to [the husband's] debts"); and *Phillips v. Krakower,* 46 F.2d 764 (4th Cir.1931) (applying Maryland law, property held by entireties cannot be levied upon or sold to satisfy husband's debts).

The District Court of Appeal of Florida, First District, in *Smith v. Hindery,* 454 So.2d 663 (Fla.Dist.Ct.App.1984), considered a case remarkably similar to that now before us. There, a pickup truck registered to a man and wife was used in transporting stolen cattle. The truck was seized. It was stipulated that the wife had no knowledge of her husband's criminal conduct. The court held that because the truck was owned as tenants by the entireties and the

wife was without knowledge of the criminal activity the vehicle was not subject to forfeiture.

■ In the instant case, the State's attempt to cut through the estate of tenants by the entireties so as to separate the husband's interest in the truck from that of the wife fails inasmuch as it flies squarely in the face of both history and the law.

The sum and substance of what we have said is that neither the husband nor the wife may, without the assent of the other, sell, give or encumber property that is held by the entireties. In the instant case the husband's violation of the Controlled Dangerous Substances laws is tantamount to an attempt by him to encumber the property held by the entireties, namely, the 1984 Toyota truck. Since he is powerless to encumber the truck voluntarily, what greater power does he possess to encumber it involuntarily? Obviously, the answer is that he has no greater power to do indirectly what he cannot do directly.

Therefore, we hold that the husband's criminal activity in the matter *sub judice* does not subject the Toyota to forfeiture by the State.

We are cognizant that our interpretation of Laws 1984, Ch. 549, now codified as Md.Ann.Code art. 27, § 297(a)(4)(iii) may permit a husband and wife to avoid forfeiture of a motor vehicle notwithstanding their criminal involvement. To circumvent forfeiture, however, one of the tenants must satisfy the trial judge that the tenant "neither knew nor should have known" of the other's illicit activity. Absent that showing, the "conveyance" is subject to forfeiture.

In the matter *sub judice* Mrs. Kessler satisfied Judge Steinberg that she was an innocent party who neither knew nor should have known of her husband's illegal conduct.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.