**In re Pamela BELL–BRESLIN,
Debtor.**

No. 00–5–1381–JS.

United States Bankruptcy Court,
D. Maryland.

June 17, 2002.

C. Kevin Kobbe, Maria Chavez–Ruark, Piper, Marbury, Rudnick & Wolfe, LLP, Baltimore, MD, Counsel to Richard M. Kremen, Trustee.

Nathaniel E. Jones, Jr., James H. Fields, Jones & Associates, P.C., Baltimore, MD, Counsel to Ms. Ruth M. Walsh.

Dennis W. King, Danoff, King & Hofmeister, P.A., Towson, MD, Counsel to the debtor.

## MEMORANDUM OPINION SUSTAINING OBJECTIONS TO DEBTOR'S EXEMPTION OF JEWELRY

JAMES F. SCHNEIDER, Chief Judge.

Richard M. Kremen, the Chapter 7 trustee objected to the exemptibility of rings given to the debtor by her non-filing spouse. Ruth M. Walsh, a creditor, also objected. For the reasons set forth, both objections will be sustained.

The question presented is whether rings given by a husband to his wife after marriage became her sole property, so that the wife's Chapter 7 trustee may administer them as property of her estate for the benefit of the wife's creditors. The debtor argued that the rings were the joint property of *her husband and herself* as tenants by the entireties because they were purchased with funds that the parties owned jointly as husband and wife. Unless they can be exempted under this rationale, the rings remain property of the estate and can be sold by the trustee. The debtor has exhausted the dollar value of her allowable exemptions, but entireties property is fully exemptible regardless of its value.

## FINDINGS OF FACT

The rings described on the debtor's Schedules B and C as "wedding rings" were purchased by the debtor's husband on December 22, 1999, approximately three months after their marriage, with funds from a joint marital checking account. The debtor stated that the reason her husband purchased the rings was because it was important to him that she have a diamond ring. [Deposition of Pamela Bell–Breslin, July 18, 2000, page 47, line 8]. The debtor valued the rings at $8,000 in her bankruptcy schedules.

The debtor exempted the rings as property held as tenants by the entireties under the authority of *In re Ford,* 3 B.R. 559 (Bankr.D.Md.1980), *aff'd. sub. nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir. 1981). In *Ford,* this Court determined that under Maryland law, entireties property is exemptible from the bankruptcy estate when only one spouse files a voluntary Chapter 7 petition and claims the Maryland exemptions.[1]

The debtor also cited *Bender v. Bender,* 282 Md. 525, 386 A.2d 772 (1978) for the proposition that the purchase of household furnishings for the use of both husband and wife by one spouse using his or her sole funds are presumed to be a gift to the marital unit and therefore held by both spouses as tenants by the entireties.

1. When *Ford* was decided, Maryland debtors had the choice of claiming federal or state exemptions. This freedom of choice was eliminated by the Maryland General Assembly in 1981 when it "opted out" of the federal exemptions by enacting Md. Cts. & Jud. Proc. Code § 11–504(g). The *Ford* decision was later limited in its scope by the Fourth Circuit in the case of *Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir.1985), which held that to the extent a debtor in bankruptcy and a non-filing spouse are jointly indebted, T/E property could not be exempted from the individual debtor's Chapter 7 bankruptcy estate and the trustee could administer the property for the benefit of joint creditors. *See also In re Seidel,* 38 B.R. 264 (Bankr.Md.1984) and *In re Sefren,* 41 B.R. 747 (Bankr.D.Md.1984), described in *Sumy* as "examples of proper application of the exemption as it relates to joint and individual creditors[.]" 777 F.2d at 928. In the instant case, there are alleged to be no joint creditors.

The objectors asserted that the rings belonged solely to the debtor. The trustee argued that joint tenancies are disfavored in Maryland, citing *Boehm v. Harrington,* 54 Md.App. 345, 355, 458 A.2d 885, 891 (1983)(presumption against joint tenancies applies to personal property). The trustee asserted that there was no evidence to overcome the presumption and that it was the parties' obvious intent that the debtor be the sole owner of the property because the rings, characterized as wedding rings, were given as an expression of love and affection and as a memorialization of the marriage. The trustee also contended that the rings are "wearing apparel," [2] which in Maryland is customarily owned individually by spouses rather than as tenants by the entireties. The creditor alleged the claim of joint ownership was an afterthought which the debtor devised to keep the rings. Because both spouses have equal use of and access to household goods, they are distinguishable from apparel and jewelry. Therefore, the creditor asserted that rings worn by the debtor were the debtor's sole property, with which assertion the trustee concurred.

### CONCLUSIONS OF LAW

It is well-settled in Maryland that "property held by the entirety is not subject to the claims of individual creditors of either spouse." *In re Ford,* 3 B.R. at 575, citing *Phillips v. Krakower,* 46 F.2d 764, 765 (4th Cir.1931), for that proposition and also for the proposition that the entireties doctrine is derived from the common law. The *Ford* opinion examined the nature and history of the doctrine:

The common law view of the nature of an estate by the entirety in Maryland was summarized in *Marburg v. Cole,* 49 Md. 402, 411 (1878):

By the common law of England, which is the law of this State, except where it has been changed or modified by statute, a conveyance to husband and wife does not constitute them joint tenants, nor are they tenants in common. They are in the contemplation of the common law, but one person, and hence they take, not by moieties, but the entirety. They are each seised of the entirety, and the survivor takes the whole. As stated by Blackstone, "husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seised of the entirety, per tout, et non per my; the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." 2 Bl.Com. 182. This has been the doctrine of the common law from an early period of its history

. . .

Due to the legal unity of husband and wife, each was deemed to own the entire indivisible estate while the marriage endured, and neither could convey his or her interests without the consent of the other. *Columbian Carbon Co. v. Kight,* 207 Md. 203, 206, 114 A.2d 28, 30 (1955); *McCubbin v. Stanford,* 85 Md. 378, 390, 37 A. 214, 214 (1897). The right of survivorship possessed by each spouse, one of the

---

**2.** Other districts have held that rings are wearing apparel. For support, the trustee cited the following cases: *In re Hazelhurst,* 228 B.R. 199 (Bankr.E.D.Tenn.1998) (jewelry constituted "wearing apparel" within meaning of state exemption statute); *In re Eden,* 96 B.R. 895 (Bankr.N.D.Iowa 1988)(jewelry is considered "wearing apparel" and therefore could be claimed exempt under Iowa's unlimited wearing apparel statute); *In re Mims,* 49 B.R. 283 (Bankr.E.D.N.C.1985)(diamond ring could be claimed exempt as "wearing apparel").

estate's chief incidents, was indestructible except by the joint act of the husband and wife. *Jordan v. Reynolds*, 105 Md. 288, 293, 66 A. 37, 38 (1907). Due to the husband's position of dominance at common law, the husband had complete control and custody of the entirety property and his right to the income therefrom was subject to the claims of his creditors, provided that his wife's vested right of survivorship remained unaffected. *Columbian Carbon Co.*, 207 Md. at 206, 114 A.2d at 30; *Clark v. Wootton*, 63 Md. 113, 118–119 (1885).

*See Arnold, Tenancy by the Entireties and Creditors Rights in Maryland*, 9 Md.L.Rev. 291, 294 (1948) (hereinafter cited as *Arnold* ).

The Maryland Constitution and the Married Women's Property Acts altered the common law rule that gave the husband control of his wife's property during coverture. *Arnold* at 294. *See* Md. Const. art. III, § 43; Md. Ann.Code art. 45, ss 1–2 (1971 Repl.Vol.). These Constitutional and statutory provisions gave the wife dominion over her own property and also deprived her husband's creditors of the right to attach the income derived from entirety property. *Arnold* at 294. Despite these changes, the concept of the legal unity of husband and wife and the indivisible nature of their interest in entirety property has been preserved. *See Dioguardi v. Curran*, 35 F.2d 431, 432 (4th Cir. 1929); *Annapolis Banking & Trust Co. v. Smith*, 164 Md. 8, 9–10, 164 A. 157, 158–59 (1933). As stated in *Ades v.*

*Caplan*, 132 Md. 66, 69, 103 A. 94, 95 (1918):

> The nature of this estate forbids and prevents the sale or disposal of it, or any part of it, by the husband or wife without the assent of both; the whole must remain to the survivor. The husband cannot convey, incumber, or at all prejudice, such estate, to any greater extent than if it rested in the wife exclusively in her own right. He has no such estate, as he can dispose of to the prejudice of the wife's estate. The unity of the husband and wife as one person, and the ownership of the estate by that person, prevents the disposition of it otherwise than jointly.

While the estate exists, there can be no partition between the interests of the husband and wife. *See Jordan v. Reynolds*, 105 Md. at 294, 66 A. 37 at 38–39. In addition, while the estate exists, the spouses share equally in the income from property held as tenants by the entireties. *Whitelock v. Whitelock*, 156 Md. 115, 143 A. 712 (1928); *Masterman v. Masterman*, 129 Md. 167, 98 A. 537 (1916).

*In re Ford*, 3 B.R. at 565–66. Thus, a debtor's individual creditors could neither levy upon nor sell a debtor's undivided interest in entireties property to satisfy debts owed solely by the debtor. Because a debtor's interest in tenancy by the entireties property is exempt from process under Maryland law, "the debtor's interest in property which he holds as a tenant by the entirety may be exempted from the estate ... under [11 U.S.C. § ] 522(b)(2)(B)[3]." *Ford* at 576. *Cf. U.S. v.*

---

**3.** Section 522(b)(2)(B) provides as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint

cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife; and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of

*Sandra Craft,* 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002)(federal tax lien held to attach to one spouse's interest in T/E property and IRS may levy the property.).

■■■ Maryland law recognizes that a tenancy by the entireties may be created in personalty as well as in real estate. *In re Pernia,* 165 B.R. 581–82 (Bankr.D.Md.1994)(Series EE savings bonds held not to be property held by the entireties only because U.S. Treasury regulations determined ownership); *State of Maryland v. One 1984 Toyota Truck,* 69 Md.App. 235, 237–38, 517 A.2d 103, 104 (1986)(truck); *M. Lit, Inc. v. Berger,* 225 Md. 241, 170 A.2d 303 (1961)(tavern business jointly owned and operated by spouses); *Schildt v. Schildt,* 201 Md. 10, 92 A.2d 367 (1952)(livestock); *Beard v. Beard,* 185 Md. 178, 44 A.2d 469 (1945)(restaurant business owed jointly by spouses); *Hammond v. Dugan,* 166 Md. 402, 170 A. 757 (1934)(bonds); *Tyler v. U.S.,* 281 U.S. 497, 501, 50 S.Ct. 356, 358, 74 L.Ed. 991 (1930)(shares of corporate stock in which the husband created a tenancy by the entireties by a conveyance executed to himself and his wife); *Brewer v. Bowersox,* 92 Md. 567, 572, 48 A. 1060, 1062 (1901)(funds deposited in a bank account "wherein the depositors are disjunctively named, but the money is expressly made payable only to the two, or to the order of the two," "who are, in fact, husband and wife."). The Maryland General Assembly has also enacted legislation protecting joint marital bank accounts from levy by the creditors of only one spouse. Md. Cts. & Jud. Proc. § 11–603(a).[4] However, where an individual holds property or acquires property solely, in order to create a tenancy by the entireties there must be evidence of an intent to transfer property previously held by an individual to the marital unit as a whole. *Diamond v. Diamond,* 298 Md. 24, 31, 467 A.2d 510 (1983).

It has not been suggested that the transformation of one type of property held as tenants by the entireties, e.g. funds in a joint checking account, to another type of property, e.g. a diamond ring, destroys the tenancy. *Bruce v. Dyer,* 309 Md. 421, 429, 524 A.2d 777, 781 (1987) ("[A] conveyance [of real property] by both [a husband and wife] to a third person does terminate a tenancy by the entireties in the land, but the proceeds ordinarily continue to be held by the entireties"); *Bender v. Bender,* 282 Md. 525, 535, n. 8, 386 A.2d 772, 779 (1978) ("[W]here there is no evidence of title

Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—

    *      *      *      *      *      *

(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entireties or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from applicable process under non-bankruptcy law.

11 U.S.C. § 522(b)(2)(B).

4. Section 11–603(a) provides:

(a)(1) Except as provided in paragraph (2) of this subsection, a garnishment against property held jointly by husband and wife, in a bank, trust company, credit union, savings bank, or savings and loan association or any of their affiliates or subsidiaries is not valid unless both owners of the property are judgment debtors.

(2) Paragraph (1) of this subsection does not apply unless the property is held in an account that was established as a joint account prior to the date of entry of judgment giving rise to the garnishment.

*Id.*

(which will be most often the case with household items), ownership of the funds used to purchase the item has been determinative.").

The *Bender* case held that household furnishings, specifically "furniture and antiques located at the marital home," 282 Md. at 526, 386 A.2d at 774, were T/E property. The opinion did not decide other issues, including ownership of jewelry, which the trial court awarded to the wife as her sole property.[5] It simply held that household furnishings "purchased ... for the use of the family at the marital home," "by either husband or wife," "without regard to whose money was expended in making the purchase" are presumptively jointly-held as marital property. *Id.* The key point in the court's determination of ownership was its characterization of the property as "household furnishings" "for the use of the family at the marital home."

With respect to the titling of personal property, the Court of Appeals has recognized a distinction between "the broad category of personal property generally and the narrower one of household goods and furnishings purchased for the use of the family unit." *Bender v. Bender,* 282 Md. 525, 533–34, 386 A.2d 772 (1978). Unless rebutted by evidence of individual ownership, the presumption that the purchasing spouse makes a gift of one's goods in the latter category to the marital unit results in joint ownership of such goods. *Id.* at 534–37, 386 A.2d 772.

*Pleasant v. Pleasant,* 97 Md.App. 711, 720, 632 A.2d 202, 207 (1993).

■ Since 1898, when the Married Women's Property Act was enacted in Maryland [6], the right of a married woman to own property separate and apart from her husband, whether acquired before or after the marriage, has been statutorily recognized. Md. Family Law Code, § 4–203(a).[7] One spouse is entitled to make a gift of personal property to the other, even if the *res* was purchased from assets held jointly by both parties as husband and wife. The

---

5. "Although Mr. Bender noted a cross-appeal from the trial court's judgment, he has not argued in this Court that the chancellor erred in awarding custody of the children and support for them to Mrs. Bender, or in declaring his wife to be the sole owner of certain items of jewelry worth, according to the husband, in excess of $100,000. We thus consider the cross-appeal to have been abandoned." *Id.,* fn. 1.

6. The Maryland Married Women's Property Statute was passed by Act of 1898, ch. 457, sec. 5, enacted at Md.Code, art. 45, sec. 51, and provided:

Married women shall have power to engage in any business, and to contract whether engaged in business or not, and to sue upon their contracts, and also to sue for the recovery, security or protection of their property, and for torts committed against them, as fully as if they were unmarried. Contracts may also be made with them, and they may also be sued separately under their contracts, whether made before or during marriage, and for wrongs independent of contract committed by them before or during their marriage, as fully as if they were unmarried, and upon judgments recovered against them, execution may be issued as if they were unmarried; nor shall any husband be liable upon any contract made by his wife in her own name and upon her own responsibility, nor for any tort committed separately by her out of his presence, without his participation or sanction.

Quoted in *Schroeder v. Broadfoot,* 142 Md. App. 569, 579, n. 3, 790 A.2d 773, 779 (2002). The Act is now codified as Md.Code Ann., Fam. Law §§ 4–203–205 (1999 Repl.Vol.).

7. § 4–203. Right of married woman to hold, use, and dispose of property.

(a) A married woman, as if she were unmarried:

(1) Holds her property for her separate use; and

(2) May dispose of her property independently.

*Id.*

determination that the transaction was a gift depends upon the intention of the donor, the existence of the *res* and its delivery to and acceptance by the donee.

The requirements for a valid inter vivos gift of a chose in action are the same as those for the gift of other personal property. They include an intention on the part of the donor to transfer the property, a delivery by the donor and an acceptance by the donee. The delivery must transfer the donor's dominion over the property. There cannot be reserved to the donor a locus poenitentiae, which is the power to revoke the gift or the dominion over the subject matter of the gift. *Rogers v. Rogers,* 271 Md. 603, 319 A.2d 119 (1974); *Snyder v. Stouffer,* 270 Md. 647, 313 A.2d 497 (1974); *Bauernschmidt v. Bauernschmidt,* 97 Md. 35, 54 A. 637 (1903).

*Boehm v. Harrington,* 54 Md.App. 345, 354, 458 A.2d 885 (1983).

■ While the funds used to purchase the rings were joint funds that would be unreachable by individual creditors under Maryland law,[8] the uncontroverted facts lead to the conclusion that the purchase of the rings was intended as a gift from the husband to the wife. "[T]he question of whether a purported gift by one spouse to another is made with donative intent turns on the facts and circumstances prevailing at that particular time." *Klavans v. Klavans,* 275 Md. 423, 432, 341 A.2d 411, 416 (1975). In her deposition, the debtor stated that her husband wanted her to have the rings. Further, rings are not the sort of household goods or furnishings that would be used jointly by both spouses. The rings in the instant case were for the exclusive use of the wife. Therefore, any presumption of a tenancy by the entireties in marital household goods is not present. This was not a gift to the marital unit, but a gift from one spouse to the other using marital funds by agreement of both parties.

Under Section 522(b) and (d) of the Bankruptcy Code, a debtor may exempt property from that of the estate subject to distribution. Maryland, however, has opted out of the federal exemptions provided in Section 522(d). Md. Cts. & Jud. Proc. § 11–504(g). Further, unlike other states, Maryland has no separate exemption for wedding rings.[9] Because as discussed above, the debtor in this case may not use the unlimited exemption for tenancy by the entireties property, the only exemption

---

**8.** *See* Md. Cts. & Jud. Proc. § 11–603:

> (a) Spousal property.—(1) Except as provided in paragraph (2) of this subsection, a garnishment against property held jointly by husband and wife, in a bank, trust company, credit union, savings bank, or savings and loan association or any of their affiliates or subsidiaries is not valid unless both owners of the property are judgment debtors.
>
> (2) Paragraph (1) of this subsection does not apply unless the property is held in an account that was established as a joint account prior to the date of entry of judgment giving rise to the garnishment.

**9.** Md. Cts. & Jud. Proc. §§ 11–504(b) and (f) qualify the items of property and their value that may be claimed exempt by debtors in bankruptcy.

> (b) The following items are exempt from execution on a judgment:
>
> (1) Wearing apparel, books, tools, instruments, or appliances, in an amount not to exceed $2,500 in value necessary for the practice of any trade or profession except those kept for sale, lease, or barter.
>
> (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

provisions that apply here are Maryland Courts & Judicial Proceedings Code § 11–504(b)(4), (b)(5), and (f). Section 11–504(b)(4) permits a debtor to exempt up to $500 in:

> household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor...

*Id.* In this case, it is not essential to the outcome that this Court decide whether rings or other jewelry may be classified as wearing apparel, even though the federal exemptions distinguish between the two. Wearing apparel may be exempted under Section 522(d)(3), while jewelry for the debtor's personal use may only be exempted under Section 522(d)(4). The bankruptcy schedules clearly differentiate between wearing apparel and jewelry.[10] This is probably because the forms for bankruptcy schedules track the federal exemptions, which are not applicable here. Even if jewelry is not considered wearing apparel, it could be interpreted to fall into the Maryland exemption for items that are held primarily for personal use of the debtor. Md. Cts & Jud. Proc. § 11–504(b)(4).

Thus, the $500 exemptions in Section 11–504(b) and (f) could be applied to ex-empt wedding rings. The debtor might also have applied Section 11–504(b)(5) which states, "Cash or property of any kind equivalent in value to $3,000 is exempt." *Id.* Finally, the debtor could have applied Section 11–504(f), which permits an exemption of up to $2,500 in real or personal property. The total applicable exemptions for jewelry then is $6,000.

Unfortunately, the debtor has exhausted the exemption options available under the categories of exemptions allowable in Maryland. The value of the rings listed in the schedules is $8,000, which exceeds the amount that the debtor has already exempted under Maryland's exemption law up to the $6,000 limit. Therefore, the rings are nonexempt property of the bankruptcy estate and subject to disposition by the trustee.

**WHEREFORE** the objections of the Chapter 7 trustee, Richard M. Kremen, and of Ruth M. Walsh, to the debtor's exemption of jewelry will be SUSTAINED.

**ORDER ACCORDINGLY.**

---

(3) Professionally prescribed health aids for the debtor or any dependent of the debtor.

(4) The debtor's interest, not to exceed $500 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.

(5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000.

(f) In addition to the exemptions provided in subsection (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy", any individual debtor domiciled in this State may exempt the debtor's aggregate interest, not to exceed $2,500 in value, in real property or personal property.

*Id.*

**10.** Wearing apparel is listed on Schedule B under the sixth type of property. Jewelry is listed on Schedule B under the seventh type of property, entitled "Furs and jewelry." *See also,* H.Rep. No. 99–595, 95th Cong., 1st Sess. 361–62 (1977), U.S. Code Cong. & Admin.News 1978, 5963, 6316–17 (enumerating jewelry as the seventh of eleven property categories).